**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Andrew Daulton LEE,
Defendant-Appellant.**

**No. 80–1336.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 6, 1981.

Decided June 18, 1981.

Kenneth Kahn, Los Angeles, Cal., for defendant-appellant.

Katherine H. Quadros, Asst. U. S. Atty., Los Angeles, Cal. (argued), for plaintiff-appellee; Andrea Sheridan Ordin, U. S. Atty., Los Angeles, Cal. (on brief).

Before ELY, SCHROEDER and FLETCHER, Circuit Judges.

ELY, Circuit Judge:

 Lee appeals the denial of his motions for reduction or modification of sentence brought under Fed.R.Crim.P. 35 [1] and for disclosure of *in camera* submissions. His principal contention is that sensitive *in camera* submissions, introduced during trial and to which he was denied access on national security grounds, ineluctably influenced the trial judge and affected the sentencing decision. At a hearing on the two motions, the trial judge specifically stated that he did not rely on any information contained in the *in camera* documents in imposing sentence, and that the record made in open court formed the basis for the sentence. Nevertheless, Lee argues that the highly prejudicial nature of the submissions at a minimum subconsciously influenced the judge, and that because defense counsel could not examine the *in camera* submissions and rebut any inaccuracies contained therein, the sentencing process was flawed. He urges that we vacate the sentence and remand for resentencing by another judge who was not exposed to the *in camera* submissions. We disagree with appellant's theory and affirm the District Court.

On July 18, 1977 Lee was sentenced to a term of life imprisonment on multiple convictions involving various acts of espionage against the United States.[2] Lee filed a motion for reduction of sentence which was denied on May 12, 1980. His motion for disclosure of information submitted *in camera* was denied on the same date.

In denying the Rule 35 motion, the district judge stated that the sentence imposed was dictated by the record in the case and the gravity of the crime. He also stated that in his view a heavier sentence was warranted based upon the record in the case. In denying the disclosure motion, the judge made it clear that he did not rely on or consider the *in camera* submissions in determining an appropriate sentence:

"There was nothing whatever in any submissions. There was nothing whatever except what appeared in the record before this court and before the jury that the court looked to as the basis for imposing the sentence . . . . There was no recollection of the court at the time, nor is there now, of anything in any *in camera* submission which would in any way exacerbate the degree of culpability of this defendant, nor which could in any way persuade the court as to the sentence that ought to be imposed."

 The *in camera* submissions at issue here were submitted in response to a court order following the defendant's own discovery motion, and not for the purpose of prejudicing the court. *In camera* submissions are proper to evaluate government claims regarding national security. *United States v. Kampiles*, 609 F.2d 1233, 1248 (7th Cir. 1979); *In re Taylor*, 567 F.2d 1183, 1188 (2d Cir. 1977); *United States v. Brown*, 539 F.2d 467, 470 (5th Cir. 1976) (per curiam); *United States v. Lemonakis*, 485 F.2d 941, 963 (D.C.Cir.1973), *cert. denied*, 415 U.S. 989, 94 S.Ct. 1586, 39 L.Ed.2d 885 (1974).

 The clear teaching of our Circuit is that "a sentence will be vacated on appeal

---

1. The trial judge denied the motion for reduction or modification of sentence, stating that the sentence imposed fitted the crime as well as the criminal and was warranted based on the record. Appellant did not brief on this appeal arguments that the trial judge abused his discretion in rejecting defense counsel's proffered grounds for reduction or modification of sentence. This is well, as the Court of Appeals in reviewing such motions may not substitute its own judgment for that of the District

Court unless there is a clear abuse of discretion. *United States v. Sand*, 541 F.2d 1370 (9th Cir.), *cert. denied*, 429 U.S. 1103, 97 S.Ct. 1130, 51 L.Ed.2d 553 (1976); *United States v. Kohlberg*, 472 F.2d 1189 (9th Cir. 1973). No such abuse is present here.

2. The convictions were affirmed on appeal on January 2, 1979. *United States v. Lee*, 589 F.2d 980 (9 Cir.), *cert. denied*, 444 U.S. 969, 100 S.Ct. 460, 62 L.Ed.2d 382 (1979).

if the challenged information is (1) false or unreliable, and (2) demonstrably made the basis for the sentence." *Farrow v. United States*, 580 F.2d 1339, 1359 (9th Cir. 1978) (en banc); *United States v. Perri*, 513 F.2d 572, 574 (9th Cir. 1975); *United States v. Weston*, 448 F.2d 626, 631–32 (9th Cir. 1971), *cert. denied*, 404 U.S. 1061, 92 S.Ct. 748, 30 L.Ed.2d 749 (1972). Although appellant was not given an opportunity to rebut potentially false and unreliable information contained in the submissions, the record belies any indication that the submissions played a role in the sentencing process. The reliance prong is simply missing.

Appellant seeks to overcome this gap by arguing that the potentially "volatile and inflammatory [documents] . . . necessarily . . . affected the decision of the court in imposing sentence." He would have this Court adopt a rule that the district judge's awareness of the undisclosed and uncontested information necessarily impacted on the sentencing process. He argues that the *in camera* submissions presented a potential for "conscious or unconscious prejudice," which can only be cured by (1) defense counsel examination of, and an opportunity to rebut, information contained in the submissions; or (2) by remanding for resentencing under a different judge. This argument has little merit. The very nature of the judicial function calls upon judges to rise above impermissible influences. This Court stated in *Farrow, supra*, in deciding that § 2255 petitions should be decided by the original sentencing judge even when that judge relied upon improper matter when sentencing that:

> ". . . the danger that the disposition of justice may be affected by impermissible factors is not unique . . . . We must trust that our judges will rise above such influences—just as we are confident they do in the cases of racial of personal bias, or public or private pressure—subject of

course, to review by this court under appropriate standards."
*Farrow*, 580 F.2d at 1350.

Appellant also argues that the *in camera* submissions constituted *ex parte* communications bearing on the sentence, and that the case thus falls within the prohibitions recently announced in *United States v. Wolfson*, 634 F.2d 1217 (9th Cir. 1980). *Wolfson* held that it is "improper for the prosecution to make, or for the court to receive from the prosecution, an ex parte communication bearing on the sentence." *Id.* at 1221 (citations omitted). In *Wolfson* and in similar cases from other circuits, the prosecution had submitted *ex parte* sentencing reports or recommendations. This is clearly not the case here. The submissions were in response to defense discovery motions and did not bear on the sentence. *Wolfson* is inapposite.[3]

Thus, for the reasons set forth, the judgment is

AFFIRMED.

---

**3.** We believe, however, that the judge, when confronted with a sensitive espionage or other political case in which national security information—exacerbating the culpability of the defendant or the gravity of his crime—has been submitted *in camera*, might do well to consider referring sentencing to another judge. This would do much to assure the appearance as well as the reality of fairness. The concern of our court in respect to *ex parte* communications to a sentencing judge has recently been expressed in *United States v. Kenny*, 645 F.2d 1323, 1348 (9th Cir. 1981) (amended opinion).