**Commonwealth** of the
Northern Mariana Islands,
Plaintiff/Appellee,

**v.**

Francisco H. **Ramangmau**,
Defendant/Appellant.

Appeal No. 95-017
Traffic Case No. 93-1284
July 23, 1996

Submitted on the Briefs January 23, 1996

Counsel for Appellant: Brien Sers Nicholas, Saipan.

Counsel for Appellee: Nicole C. Forelli, Assistant Attorney General, Saipan.

BEFORE: VILLAGOMEZ and ATALIG, Justices; and LIZAMA, Special Judge.

PER CURIAM:

¶1 ■ Francisco H. Ramangmau ("defendant") appeals the trial court's denial of his motion for a reduction in his sentence for the offense of vehicular homicide. This Court has jurisdiction pursuant to title 1, § 3102(a) of the Commonwealth Code. We affirm.

### ISSUE PRESENTED AND STANDARD OF REVIEW

¶2 The sole issue on appeal is whether the trial court erred in denying defendant's motion, brought under 6 CMC § 4114,[1] for a reduction in his ten-year sentence for the offense of vehicular homicide.

¶3 ■ We review the denial of a motion to reduce a lawful sentence for a clear abuse of discretion. *Cf. United States v. Lee*, 648 F.2d 667, 668 n.1 (9th Cir. 1981) (discussing standard of review for corresponding Fed. R. Crim. P. 35(b)).[2]

### FACTUAL AND PROCEDURAL BACKGROUND

¶4 Following a jury trial, defendant was found guilty of vehicular homicide, pursuant to 9 CMC § 7110.[3] On October 28, 1993, defendant was sentenced to a jail term

---

[1] Section 4114 provides in part:

> The court may reduce a sentence within 120 days after the sentence is imposed, or within 60 days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal.

6 CMC § 4114.

[2] Title 6, § 4114 of the Commonwealth Code is identical to Commonwealth Rule of Criminal Procedure 35(b), and Fed. R. of Crim. P. 35(b) prior to its modification in 1987. We rely upon cases interpreting Fed R. Crim. P. 35(b) prior to the 1987 amendments.

[3] Defendant was also found guilty of reckless driving in violation of 9 CMC § 7104. For this conviction, he was sentenced to serve six months in jail concurrently with his sentence for vehicular homicide. At the time of the hearing on the motion for reduction of sentence, he had already served eighteen months in jail. Thus, his motion focused only on his ten-year sentence for vehicular homicide. Any issue relating to the sentence for reckless driving would have been moot.

of ten years. The conviction was affirmed on appeal on January 24, 1995. *Commonwealth v. Ramangmau*, 4 N.M.I. 227 (1995). On April 24, 1995, defendant filed a motion for a reduction of his sentence with the Superior Court and, on May 17, 1995, his motion was denied. Defendant filed a timely notice of appeal.

## ANALYSIS

¶5 Absent a clear abuse of discretion[4] by the trial court, we will not disturb its decision to deny a motion to reduce a lawful sentence. Here, defendant advances two arguments in support of his claim that the trial court clearly abused its discretion by denying his motion for a reduction of sentence. First, the trial court relied solely on one aspect of this Court's decision in *Commonwealth v. Aquino*, 2 CR 899 (N.M.I. Tr. Ct. 1986), and did not take into account "all other relevant facts about the defendant when it denied defendant's motion." Appellant's Br. at 7. Second, the sentence he received is disproportionate to those of other defendants in vehicular homicide cases. *Id.* at 8-9. We address both arguments below.

### I. Trial Court's Reliance on *Commonwealth v. Aquino*

¶6 Defendant here contends that the trial court clearly abused its discretion by not taking into account all relevant facts before denying his motion. We disagree.

¶7 In *Aquino*, the defendant's motion for reduction of sentence was based on seven letters from the defendant's family and friends which discussed the hardship to the family and Aquino's good behavior since the time of his incarceration. The court found that the hardship to his family was minimal, and although his exemplary conduct in prison was commendable, he did not show evidence of "rehabilitation and true remorse." *Aquino*, 2 CR at 902. Therefore, the circumstances did not adequately justify a reduction in sentence. *Id.* at 903.

¶8 ■ In this case, it is clear from the record that while the trial court found the rationale in *Aquino* to be persuasive, it considered everything that defendant had to say before denying his motion. In its order, the trial court stated that it considered the letter by the defendant and the affidavit of the Director of Corrections, as well as defendant's testimony, before denying the motion. In addition, except for the declaration that defendant's family was having difficulties as a result of his imprisonment, all of the new evidence--that the defendant is a model

prisoner, that he is a changed man and that he has learned to accept responsibility--was based on his conduct while he was in custody. The trial court correctly found that the only new circumstances pertained to defendant's exemplary conduct while in custody, and by inference the court concluded that this was insufficient to merit a reduction in his sentence.

### II. Defendant's Sentence

¶9 Defendant cites *Commonwealth v. Bermudes*, Traffic Case No. 94-0618 (N.M.I. Super. Ct. 1995) and *Commonwealth v. Camacho*, Traffic Case No. 93-1886 (N.M.I. Super. Ct. 1993), cases which he alleges show that his sentence was disproportionate to those imposed in other vehicular homicide cases.[5] We disagree. Both cases cited by defendant concern sentences imposed pursuant to negotiated plea agreements where the defendants admitted guilt in order to receive reduced sentences.

¶10 In *Bermudes*, the defendant was charged with felony hit-and-run, not vehicular homicide. The maximum punishment for hit-and-run is five years imprisonment and a $2,000 fine under 9 CMC § 6101(f). Pursuant to a plea agreement, Bermudes received a jail sentence of five years (three years suspended); was fined $2,000; paid restitution in the amount of $3,181.88 to the victim; had his driver's license suspended for five years; and agreed to obey all laws, obtain alcohol counseling, and seek and obtain full-time employment upon release from incarceration.

¶11 In *Camacho*, the defendant pled guilty to vehicular homicide. However, under a plea agreement, Camacho was sentenced to ten years imprisonment (six years suspended). He received this relatively favorable term of imprisonment in exchange for stiff financial and other penalties. These included: a payment of $20,000 in restitution to the victim's family; a $2,000 fine; waiver of his right to appeal his conviction; his commitment to obtain full-time employment upon release from prison, attend Alcoholics Anonymous meetings weekly for one year, and obtain alcohol counseling; his agreement to publish a letter of apology to the victims in the MARIANAS VARIETY; and 400 hours of community service.

¶12 ■ In this case, defendant was charged with, tried by jury for, and convicted of vehicular homicide, which allows for a maximum of ten years in jail. His sentence was within the guidelines of the statute. In addition, he did not negotiate a plea agreement with the government; nor is there any evidence in the record that he was especially

---

[4] The Fifth Circuit has allowed the sentencing court summarily to deny a motion for reduction of sentence where the facts alleged do not show illegality or a gross abuse of discretion. *See United States v. Hanyard*, 762 F.2d 1226, 1228 (5th Cir. 1985); *United States v. Lewis*, 743 F.2d 1127, 1129 (5th Cir. 1984); *United States v. Nerven*, 613 F.2d 572, 573 (5th Cir. 1980); *United States v. Muniz*, 571 F.2d 1344, 1345 (5th Cir. 1978).

[5] Prior to taking the matter under advisement, the trial court requested copies of the judgments and the commitment orders in *Bermudes. supra*, and *Camacho, supra*. Therefore, the court was aware of these other sentences prior to denying defendant's motion for reduction of sentence.

cooperative in the investigation. Finally, unlike Bermudes or Camacho, the defendant here was not ordered to do anything other than serve time in jail.

## CONCLUSION

¶13    Based on the foregoing, we hereby **AFFIRM** the trial court's order denying defendant Francisco H. Ramangmau's motion for a reduction of sentence.