**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 07-50356 |
| Plaintiff - Appellee, | D.C. No. CR-05-01111-RGK-03 |
| v. | |
| OSCAR GUERRA RODRIGUEZ, a/k/a OSCAR RODRIGUEZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 07-50357 |
| Plaintiff - Appellee, | D.C. No. CR-05-01111-RGK-04 |
| v. | |
| JOSE MURILLO, | |
| Defendant - Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 07-50369 |
| Plaintiff - Appellee, | D.C. No. CR-05-01111-RGK-01 |

_____

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

v.

TOMMY MORENO, a/k/a THOMAS LOPEZ, THOMAS MORENO, TOMAS MORENO, "TOMAS" and "T-BUG",

Defendant - Appellant.

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Argued and Submitted July 14, 2010
Pasadena, California

Before: FARRIS, HALL and SILVERMAN, Circuit Judges.

Oscar Rodriguez, Tommy Moreno, and Jose Murillo appeal their assault convictions under 18 U.S.C. §§ 113(a)(1), 113(a)(3), and 113(a)(6).

1. Rodriguez and Murillo argue that their due process rights were violated because of secret deals that the government had with three of the trial witnesses. We review these claims de novo. *See United States v. Blanco*, 392 F.3d 382, 387 (9th Cir. 2004). All of these prosecutorial misconduct claims are based on the unproven allegation that the witnesses were promised benefits in exchange for testifying. These issues were not raised in the district court, and we cannot resolve them based on the current incomplete factual record. *See United States v. Childs*,

944 F.2d 491, 495 (9th Cir. 1991); *United States v. Flores-Payon*, 942 F.2d 556, 558 (9th Cir. 1991).

Appellants' explanation for failing to raise this issue in the district court is that the information supporting their allegations came to light after their post-trial motions. While a remand is improper on this direct appeal, our ruling is without prejudice to Appellants' right to bring a § 2255 motion on this or any other issue if otherwise appropriate.

2.      Appellants argue that the district court erred in sealing various documents before trial, and in denying their post-trial motions to unseal the documents. We review these decisions for an abuse of discretion. *United States v. Shryock*, 342 F.3d 948, 983 (9th Cir. 2003). Appellants' claims are meritless. The government submitted the documents for the proper purpose of having the district court inspect and evaluate the materiality of the documents. *See United States v. Cadet*, 727 F.2d 1453, 1467-68 (9th Cir. 1984). The district court's findings when denying Appellants' request to unseal the documents were adequate. The court did not err in finding that Appellants had failed to demonstrate that the documents should be unsealed. We have reviewed the documents and conclude that they are either irrelevant or confidential. The contention that seeing the documents may have

altered the district judge's impartiality ignores our precedent. *See United States v. Lee*, 648 F.2d 667, 669 (9th Cir. 1981).

3.      Moreno attacks the district court's denial of his motion to substitute counsel. We review the denial for an abuse of discretion. *See United States v. Nguyen*, 262 F.3d 998, 1004 (9th Cir. 2001); *United States v. Garrett*, 179 F.3d 1143, 1144-45 (9th Cir. 1999) (en banc).  Although there was a substantial conflict that resulted in Moreno proceeding pro se, the court's inquiry was adequate.  The court reasonably found that other continuances had been granted, that another continuance would have inconvenienced the court and the parties, and that the delay was caused by Moreno.  The court also questioned Moreno's credibility and motives for bringing the motion so late.  The court did not err in assessing the conflict between Moreno and his counsel, nor did it abuse its discretion through "an unreasoning and arbitrary insistence upon expeditiousness in the face of a justifiable request for delay." *Morris v. Slappy*, 461 U.S. 1, 11-12 (1983) (quotation marks and citation omitted).

4.      Moreno and Murillo argue that their convictions must be reversed because their Sixth Amendment right to confront witnesses against them was violated. Even assuming *arguendo* that the statements by Rodriguez, as recounted by Davis, were testimonial, the Confrontation Clause error was harmless beyond a reasonable

4

doubt. *See United States v. Nguyen*, 565 F.3d 668, 675 (9th Cir. 2009). The evidence against Moreno was overwhelming, the Appellants were acquitted on the conspiracy charge, and Davis did not testify about whether Moreno had an intent to kill. As for Murillo, Davis's testimony hardly addressed Murillo's actions towards Wiseman or the simple assault charge of which he was convicted. As Wiseman not only identified Murillo as part of the group discussing Wiseman, but also as part of the group attacking him, Davis's testimony was also cumulative regarding Murillo.

5.      Murillo argues that no reasonable juror could have concluded that he was guilty of simple assault. Wiseman testified that right before Wiseman was stabbed, Murillo was part of a group of men standing a few feet from him, and Wiseman heard that group talking about attacking Wiseman. That group, along with others, then attacked him. Everyone was hitting, stabbing or restraining Wiseman. The video footage and still frames show Murillo with an outstretched hand apparently touching Wiseman. There was sufficient evidence to support the conviction.

6.      Murillo argues that the jury instruction on simple assault was plainly erroneous. The instruction misplaced an adverb, but it was not plainly erroneous.

**AFFIRMED.**