UNITED STATES of America,
Plaintiff-Appellee,

v.

Snellen JOHNSON, Defendant-Appellant.

No. 83–5012.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 4, 1984.

Decided June 26, 1984.

R. J. Coughlan, Jr., Spec. Asst. U.S. Atty., argued, Peter K. Nunez, U.S. Atty., R. J. Coughlan, Jr., Delano S. Findlay, Spec. Asst. U.S. Atty., Roger W. Haines, Jr., Asst. U.S. Atty., on the brief, San Diego, Cal., for plaintiff-appellee.

James W. McConkie, Salt Lake City, Utah, for defendant-appellant.

Before CHOY and SKOPIL, Circuit Judges, and WILKINS,* District Judge.

CHOY, Circuit Judge.

This case revolves around Navsat Systems, Inc. ("Navsat"), a company conceived in 1966 to develop a system for using satellites to navigate ships at sea, and International Resources, Inc. ("IR"), Navsat's parent company. The Government contended that Johnson, a central figure in the management of Navsat and IR, used those companies in a scheme to defraud several investors of funds aggregating approximately $3.75 million. Johnson, along with Spencer Hooper and C. Roland Long, was charged in a thirty-count indictment for mail fraud (18 U.S.C. § 1341), securities fraud (15 U.S.C. §§ 77q(a), 77x), interstate transportation of property obtained by fraud (18 U.S.C. § 2314), wire fraud (18 U.S.C. § 1343), and aiding and abetting (18 U.S.C. § 2). A jury found Johnson guilty as charged on all counts. Johnson was sentenced to 25 years in prison. He now appeals, and we affirm.

I. *The Ex Parte Hearing*

During the last few days of Johnson's trial, the judge granted the prosecutor's request for an ex parte hearing. After that hearing and out of the presence of the jury, the district judge informed Johnson that he would be remanded to custody without bail from that point on. Thereafter, United States marshals accompanied Johnson wherever he went. The district judge, however, allowed Johnson to dress in street clothes, directed the marshals to sit among the spectators, and told the jury that marshals enter and leave the courtroom as a matter of business. In the meantime, Johnson took an emergency appeal to this court. The jury reached its verdict, however, before we rendered our decision vacating the district court's order revoking bail, *United States v. Johnson,* No. 82–1710 (9th Cir. Dec. 20, 1982) (order).

Johnson claims that the district judge's actions in connection with the ex parte hearing denied him due process at trial and at sentencing.

■ Johnson asserts generally that the in camera hearing had a "chilling effect" on the trial. He claims that the ex parte nature of the hearing, and the subsequent revocation of bail, hindered his counsel's ability to make tactical decisions for fear that any misstep would open the door to highly damaging information that his counsel would not be prepared to counter. Johnson, however, can only point to a generalized "bad effect" or "chilling effect" on the trial. He has not specified how the judge's actions prejudiced his rights at trial or at sentencing. *Cf. Baumann v. United States,* 692 F.2d 565, 571 (9th Cir.1982) ("Mere conclusory statements" in a 28 U.S.C. § 2255 petition do not justify a hearing, although hearing must be ordered unless petition states no claim for relief). Thus, although the district court's order revoking bail was erroneous it is not reversible error because we are satisfied that no prejudice occurred.[1] *See United States v. Allison,* 414 F.2d 407, 414–15 (9th Cir.), *cert. denied,* 396 U.S. 968, 90 S.Ct. 449, 24 L.Ed.2d 433 (1969).

■ Johnson also complains that the jury saw him surrounded by U.S. marshals. There was no prejudice, because the trial court took great pains to downplay the role of the marshals. *See United States v. Acosta-Garcia,* 448 F.2d 395, 396 (9th Cir. 1971).

Johnson asserts that the trial judge gave undue weight at sentencing to the information disclosed at the in camera hearing. We have suggested that a trial judge who has received damaging in camera information should refer sentencing to another judge in such situations. *United States v. Lee,* 648 F.2d 667, 669 n. 3 (9th Cir.1981). Here, however, the trial judge expressly

* The Honorable Philip C. Wilkins, Senior United States District Judge for the Eastern District of California, sitting by designation.

1. We have reviewed the transcript of the in camera hearing and have found nothing in it that supports Johnson's contentions in this appeal.

denied that he considered that information at all, and the length of the sentence (25 years for 30 felony convictions) does not belie the judge's assertion. We realize the potential for prejudice, but we must trust judges to rise above impermissible influences. *Id.* at 669; *Farrow v. United States,* 580 F.2d 1339, 1350 (9th Cir.1978) (en banc).

## II. *The Fraud Expert*

 Johnson complains that the district court allowed Phillip Kitzer to testify for the Government as an expert witness on fraudulent schemes. The federal courts uniformly hold, however, that government agents or similar persons may testify as to the general practices of criminals to establish the defendants' modus operandi. Such evidence helps the jury to understand complex criminal activities, and alerts it to the possibility that combinations of seemingly innocuous events may indicate criminal behavior. *E.g., United States v. Daniels,* 723 F.2d 31, 32–33 (8th Cir.1983) (expert testifying on general practices of drug dealers); *United States v. Burchfield,* 719 F.2d 356, 357–58 (11th Cir.1983) (general practices of people passing counterfeit currency); *United States v. Hensel,* 699 F.2d 18, 38 (1st Cir.) (general practices of drug smugglers), *cert. denied,* —— U.S. ——, 103 S.Ct. 2431, 77 L.Ed.2d 1317, —— U.S. ——, 104 S.Ct. 91, 78 L.Ed.2d 99, —— U.S. ——, 104 S.Ct. 94, 78 L.Ed.2d 100 (1983); *United States v. Kampiles,* 609 F.2d 1233, 1247 (7th Cir. 1979) (Soviet intelligence recruiting practices), *cert. denied,* 446 U.S. 954, 100 S.Ct. 2923, 64 L.Ed.2d 812 (1980). The trial judge's determination that the probative value of Kitzer's testimony outweighed any prejudicial effect is sound.

 Johnson also claims error in that Kitzer's testimony went beyond the bounds set by the court's pretrial order. In the two instances where Kitzer's testimony may have crossed the line, the trial judge ordered the testimony stricken and admonished the jury accordingly. Even if impermissible testimony had been admitted we would find no abuse of discretion in the trial judge's denial of a mistrial, because there is a great deal of other evidence supporting the verdict. *See United States v. Sanford,* 673 F.2d 1070, 1072–73 (9th Cir.1982); *United States v. Johnson,* 618 F.2d 60, 62 (9th Cir.1980).

## III. *Deposition of Maxwell Rabb*

The Government alleged that Johnson fraudulently represented that he had hired Maxwell Rabb, a prominent Wall Street securities attorney, to push the Navsat registration through the SEC. As Rabb then had been appointed the United States ambassador to Italy, the Government successfully asked the court to authorize the taking of Rabb's deposition overseas pursuant to Fed.R.Crim.P. 15. At trial, Johnson's counsel objected to the introduction of Rabb's deposition, asserting that Rabb was not "unavailable" within the meaning of Fed.R.Evid. 804(a)(5). In response, the prosecutor said he had called Rabb, who said he was tied up in diplomatic matters of extreme sensitivity. Judge Gilliam ruled that he would not issue a subpoena under 28 U.S.C. § 1783 under such circumstances, and allowed the deposition to be read at trial. Johnson now renews his attack, arguing that the deposition should not have been admitted under Fed.R.Evid. 804(a), and that admitting it violated his confrontation rights.

 Fed.R.Crim.P. 15(e), which governs the use of depositions at criminal trials, provides that a deposition may be used as substantive evidence if the witness is "unavailable" within the meaning of Fed.R. Evid. 804(a). The Government correctly argues that Ambassador Rabb was "unavailable" under Fed.R.Evid. 804(a)(5), which states that a declarant is unavailable if he "is absent from the hearing and the proponent of his statement has been unable to procure his attendance ... by process or other reasonable means." Johnson argues that Ambassador Rabb could have been subpoenaed under 28 U.S.C. § 1783(a), which authorizes the district court to subpoena a United States national residing in a foreign country if the court finds the na-

tional's testimony to be in the interest of justice. Congress, however, clearly stated that

> [i]f the court is of the opinion that the interest of justice can be served by a deposition, without the personal appearance of the witness at the trial, it is not precluded from exercising its discretion and denying the subpena....

> ... The new criteria guarantee not only that in proper cases a subpena will always be available, but also that burdens upon U.S. citizens and residents abroad will not be imposed without compelling reason.

S.Rep. No. 1580, 88th Cong., 2d Sess. (1964), *reprinted in* 1964 U.S.Code Cong. & Ad.News 3782, 3790–91; *see also* 2 C. Wright, *Federal Practice and Procedure* § 277 (1982). Here, the district court clearly did not abuse its discretion in declining to subpoena the ambassador. He was therefore "unavailable" under Fed.R.Evid. 804(a)(5).

Johnson also contends that the admission of the deposition violated his confrontation rights. His argument has no merit.

 When a hearsay declarant is not present at trial, the Confrontation Clause requires that the witness be unavailable and that his statement bear adequate indicia of reliability. *Ohio v. Roberts,* 448 U.S. 56, 66, 100 S.Ct. 2531, 2539, 65 L.Ed.2d 597 (1980).

In this context, unavailability means that the witness cannot be produced despite the prosecution's good-faith efforts. *See id.* at 74, 100 S.Ct. at 2543. We agree with the district court that the prosecution made all reasonable efforts to produce Rabb.

Moreover, the deposition bore sufficient indicia of reliability. Since Johnson's counsel had an adequate opportunity to cross-examine Rabb and availed himself of that opportunity, the deposition was not unlike the preliminary hearing transcript the use of which was upheld in *Roberts, see id.* at 73, 100 S.Ct. at 2542, or the former testimony approved in *Mancusi v. Stubbs,* 408 U.S.

204, 216, 92 S.Ct. 2308, 2314, 33 L.Ed.2d 293 (1972).

## IV. *Other Contentions of Error*

Johnson makes numerous other contentions of error. He alleges prosecutorial misconduct, improper admission of evidence, improper exclusion of polygraph evidence, unreasonable preindictment delay, and abuse of discretion in failing to sever his trial from that of his co-defendant. We have examined these contentions and find them to be without merit under clearly established Ninth Circuit precedent.

AFFIRMED.