42 F.3d 1398
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Mohammed ABEDI, Petitioner-Appellant,
v.
George SMITH, Warden of the California State Prison at
Corcoran, California, Respondent-Appellee.
 No. 93-16732.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 5, 1994.
Decided Nov. 16, 1994.
 
 Before: SNEED, PREGERSON, WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 OVERVIEW
 
 2
 Appellant Mohammed Abedi seeks relief under 28 U.S.C. Sec. 2254. He was convicted of first degree murder and sentenced to imprisonment for 25 years to life with a one-year consecutive sentence for use of a knife. After exhausting his state remedies, Abedi sought habeas corpus relief in the United States District Court for the Eastern District of California. The district court denied the habeas petition after an evidentiary hearing before the magistrate. The hearing was limited to specific issues related to the witness unavailability claim.
 
 
 3
 This court has jurisdiction pursuant to 28 U.S.C. Sec. 2253, and we affirm the denial of habeas relief. We find no error in the magistrate's exhaustive findings and recommendations, which were adopted by the district court.
 
 DISCUSSION
 
 4
 I. READING OF ABSENT WITNESS'S PRIOR TESTIMONY
 
 
 5
 Abedi argues that his Confrontation Clause rights were violated when the testimony of Mr. Omar Selitey during the first trial was read into the record of the second trial. Confrontation Clause violations are reviewed de novo based on the facts found by the federal magistrate, unless the magistrate's findings are clearly erroneous. Jeffries v. Blodgett, 5 F.3d 1180, 1187 (9th Cir.1993).
 
 
 6
 The admission of hearsay is not a violation of the Confrontation Clause if the declarant is unavailable and the declaration bears adequate indicia of reliability. Ohio v. Roberts, 448 U.S. 56, 65-66 (1980). No independent inquiry into reliability is necessary when the evidence falls within a firmly rooted hearsay exception. Bourjaily v. United States, 483 U.S. 171, 183 (1987). The "prior testimony" exception to the hearsay rule is firmly established. See Fed.R.Evid. 804(b)(1); Mancusi v. Stubbs, 408 U.S. 204 (1972). Thus the Confrontation Clause was not violated if the prosecution demonstrated that Selitey was unavailable as a witness at the second trial. "In this context, unavailability means that the witness cannot be produced despite the prosecution's good faith efforts." United States v. Johnson, 735 F.2d 1200, 1203 (9th Cir.1984); see also Fed.R.Evid. 804(a)(5).
 
 
 7
 Selitey was in Jordan at the time of the second trial. No treaty between the United States and Jordan allowed Selitey to be subpoenaed from Jordan. The situation is analogous to that in Mancusi, where the witness was a permanent resident of Sweden:
 
 
 8
 Upon discovering that [the witness] resided in a foreign nation, the State of Tennessee, so far as this record shows, was powerless to compel his attendance at the second trial, either through its own process or through established procedures depending on the voluntary assistance of another government. We therefore hold that ... a federal habeas court was not warranted in upsetting the determination of the state trial court as to [the witness'] unavailability.
 
 
 9
 Id. at 212-13. The Court then went on to find sufficient indicia of reliability in the prior testimony because the prior proceeding was "a trial of a serious felony on the merits, conducted in a court of record before a jury, rather than before a magistrate" and because the defendant "was represented by counsel who could and did effectively cross-examine prosecution witnesses." Id. at 213-14. Identical indicia surrounded Selitey's prior trial testimony.
 
 
 10
 Although the prosecution had no means to compel Selitey's return to the United States, it took several steps to persuade Selitey to return and sought to facilitate his doing so. An investigator made several phone calls to Selitey to attempt to persuade him to return. When Selitey told the investigator that he was in the Jordanian military and would not be allowed to leave the country, the investigator attempted through diplomatic channels to secure leave for Selitey. After the trial court ruled that Selitey was unavailable and his prior testimony could be read to the jury, the investigator travelled to Jordan to persuade Selitey to return and/or to persuade the Jordanian authorities to make Selitey available. The investigator met with Selitey, who was dressed in civilian clothes, in the presence of a Jordanian army major. The major stated that Selitey was about to undergo some military training from which he could not be released.[1]
 
 
 11
 Once the witness was in Jordan, therefore, it is clear that the prosecution did all that was required under Mancusi, Ohio v. Roberts, and United States v. Johnson to secure the witness' presence and demonstrate unavailability.
 
 
 12
 Abedi argues that the prosecutor should have taken steps to prevent Selitey from leaving the United States in the first place. However, the prosecution had no reason to doubt Selitey's intention to return to testify at the second trial. Previously, Selitey had travelled voluntarily from Louisiana, where he was a graduate student, to California to appear at the first trial and both preliminary examinations. Prior to his departure for Jordan, Selitey advised the District Attorney's office that he had completed the academic year, that he was returning to Jordan for a visit, and that he would be returning to the United States to testify and to complete his education. Selitey had already spent nine months in jail awaiting trial for the murder for which Abedi was subsequently tried and convicted. Under these circumstances, the prosecution was not required to seek to detain the witness to prevent him from leaving the country.
 
 
 13
 Abedi points out that the prosecution, well in advance of trial, had reason to believe that Selitey would be unavailable, yet the prosecution did not inform the defense of the possibility until the eve of trial. This oversight does not, however, turn the use of Selitey's prior testimony into a Confrontation Clause violation.
 
 
 14
 In conclusion, the trial court correctly determined that Selitey was unavailable despite the prosecution's good faith efforts to secure his presence at the second trial. The reading of his prior testimony did not violate the Confrontation Clause.
 
 
 15
 II. ALLEGED MISREPRESENTATION BY THE PROSECUTION
 
 
 16
 Abedi alleges that the prosecution knew or should have known Selitey was not, in fact, in the Jordanian military at the time of the second trial. He claims that representations to the trial court that Selitey could not leave Jordan because he was in the military are prosecutorial misconduct requiring a new trial.
 
 
 17
 The allegation was raised for the first time in this appeal and therefore is not properly before this court. Contrary to Abedi's argument, it does not qualify under the "miscarriage of justice" exception of United States v. Kimbal, 896 F.2d 1218 (9th Cir.1990) because it is substantively frivolous.
 
 
 18
 The prosecution did represent to the trial court its belief that Selitey was in the Jordanian military. Other evidence, which the magistrate found credible, suggested that Selitey has never been in the military. The magistrate believed the most likely scenario was that Selitey was faking his supposed induction because he was simply very unwilling to go back to California at that time. In the magistrate's findings, however, there is no suggestion of bad faith on the part of the prosecution. Furthermore, nothing in the case turns on whether Selitey was in the military. As the court below pointed out, "it is not of dispositive importance to find that Selitey was, or was not, in the Jordanian army in order to finally determine the issue of unavailability." E.R. 0176. Thus, any misstatement regarding Selitey's status would necessarily have been harmless beyond a reasonable doubt.
 
 III. LOSS OF EVIDENCE
 
 19
 Abedi argues that the magistrate erred in not granting an evidentiary hearing on Abedi's claim that he was denied his right to due process when the trial court failed to impose sanctions for the prosecution's loss of certain blood-stained jeans. Because Abedi did not request an evidentiary hearing in state court, he is not entitled to one on collateral review unless he can demonstrate (1) cause and prejudice for his failure to develop the claim in state court, or (2) that a fundamental miscarriage of justice would result from failure to hold the hearing. Keeney v. Tamayo-Reyes, 112 S.Ct. 1715, 1721 (1992). Abedi has not attempted to show cause, and his unsuccessful attempt to show prejudice raises no suspicions that a miscarriage of justice would result.
 
 
 20
 The magistrate's refusal to hold an evidentiary hearing on this issue was therefore proper.
 
 
 21
 IV. NONDISCLOSURE OF POTENTIAL IMPEACHMENT EVIDENCE
 
 
 22
 Abedi alleges that the failure of the prosecution to disclose to the defense a potentially incredible statement made by Selitey denied Abedi his rights under Brady v. Maryland, 373 U.S. 83 (1963). Either during or shortly after the first trial, Selitey apparently told an investigator that the victim had predicted her own death. Selitey said that a few months prior to the murder, the victim, when playing Tarot cards, had predicted the following: that she was going to be murdered; that a person was going to be arrested who did not actually commit the crime; but that the real killer would then be arrested for her murder. As it was, Selitey had been accused of the murder, but he was exonerated and suspicion focused on Abedi. Abedi argues that the statement, if known to the defense, could have been used to impeach Selitey's credibility at the second trial. However, there is no reasonable probability that, had the statement been disclosed to the defense, the result of the proceeding would have been different. Thus, the failure to disclose the statement to the defense is not grounds for habeas relief. See United States v. Bagley, 473 U.S. 667 (1985).
 
 CONCLUSION
 
 23
 For the foregoing reasons, the decision below is AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The magistrate was "genuinely on the fence as to whether Selitey was in the Jordanian army or not." E.R. 00175. Yet he found Johnson's testimony credible. For purposes of this petition, it is not dispositive whether or not Selitey was in the military, as long as (1) Selitey was unavailable regardless, and (2) any statements about his status were made in good faith