87 F.3d 1324
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ruben RAMOS, Defendants-Appellant.
 No. 95-50107.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 17, 1995.
Decided June 6, 1996.
 
 Before: FLETCHER, CANBY and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 I.
 
 2
 Ruben Ramos appeals his criminal convictions on four counts involving importation and possession of marijuana. We affirm the convictions because we find that there was sufficient evidence to support the convictions and that the district court did not abuse its discretion by admitting expert testimony regarding the practices of drug smuggling organizations.
 
 II.
 
 3
 We will not state in detail the facts surrounding these crimes because the parties are familiar with them. The jury convicted Ramos on the following four counts: (1) conspiracy to import marijuana, in violation of 21 U.S.C. §§ 952, 960, & 963; (2) aiding and abetting importation of marijuana, in violation of 21 U.S.C. §§ 952, 960 and 18 U.S.C. § 2; (3) conspiracy to possess marijuana with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1), 846; and (4) aiding and abetting possession of marijuana with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.
 
 
 4
 Ramos moved for judgment of acquittal, pursuant to Fed.R.Crim.P. 29, and for a new trial, pursuant to Fed.R.Crim.P. 33. The district court denied both motions, finding the evidence sufficient to support Ramos's convictions. The district court also rejected Ramos's contention that U.S. Customs Special Agent Tom Brien should not have been allowed to testify regarding the practices of drug smuggling organizations.
 
 III.
 
 5
 The evidence is sufficient to support the convictions if, "viewing the evidence in the light most favorable to the prosecution, any rational [jury] could have found the essential elements of the crime[s] beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). "Circumstantial evidence and inferences drawn from it may be sufficient to sustain a conviction." United States v. Lennick, 18 F.3d 814, 820 (9th Cir.), cert. denied, 115 S.Ct. 162 (1994).
 
 A.
 
 6
 Ramos's convictions rested primarily on the testimony of James William Capps and Valerie Deloach, who were charged as coconspirators, and of Wendy Nickell, who was not charged in this matter. Ramos does not dispute the testimony of these individuals, but rather disputes the inferences to be drawn from their testimony. We reject Ramos's contentions.
 
 
 7
 Ramos's convictions for aiding and abetting importation of marijuana and possession of marijuana with intent to distribute are sufficiently supported by evidence that Ramos "associate[d] himself with the criminal venture, participate[d] in it as in something that he wishe[d] to bring about and [sought] by his action to make it succeed." United States v. Arias-Villanueva, 998 F.2d 1491, 1503 (9th Cir.), cert. denied, 114 S.Ct. 359 (1993) and 114 S.Ct. 573 (1993).
 
 
 8
 The following evidence supports the jury's findings that Ramos aided and abetted these offenses: (1) Ramos's beeper number was found in Capps's bus, which was used to transport the marijuana across the border; (2) Nickell testified that Ramos asked her to pick up a load of marijuana in Mexico and that he advanced her $250 and some marijuana to do so, and then later told her he found someone else to do this; (3) Capps testified that Ramos approached him about the bus, introduced him to Juan and Jose (who later provided the marijuana that Capps and Deloach transported across the border), made money transporting marijuana for Juan and Jose, and complained that Juan and Jose owed him money; and (4) a handwriting expert testified that Ramos might have forged the signatures of Capps and Nickell on some of the Department of Motor Vehicles documents regarding the bus. This evidence was sufficient to permit the jury to infer that Ramos was involved in the venture and was helping to achieve its objective of importing marijuana.
 
 
 9
 Ramos argues that Nickell's testimony was not credible, but the jury found it persuasive. We do not substitute our judgment regarding credibility for that of the jury. See Jackson, 443 U.S. at 318-19.
 
 B.
 
 10
 For most of the same reasons, the evidence was also sufficient to support Ramos's convictions for conspiracy to import marijuana and to possess marijuana with intent to distribute. To sustain the convictions, the government must have presented evidence from which a rational jury could have concluded that Ramos had knowledge of the conspiracy and acted in furtherance of it. See United States v. Bautista-Avila, 6 F.3d 1360, 1362 (9th Cir.1993).
 
 
 11
 The government proved the existence of the conspiracy by the following evidence: (1) Capps had agreed with Juan and Jose to import and possess marijuana with intent to distribute; (2) Capps and Deloach committed overt acts in furtherance of the conspiracy by actually transporting the marijuana across the border; and (3) the parties intended to commit these illegal acts. See United States v. Penagos, 823 F.2d 346, 348 (9th Cir.1987).
 
 
 12
 From this evidence, the jury rationally could have found that there was an agreement between Ramos and Capps, and between Ramos and Juan and Jose, to import and possess marijuana. Further, the jury rationally could have found that Ramos committed acts in furtherance of the conspiracy, namely registering the bus in Capps's name and introducing Capps to Jose and Juan. The evidence also showed that the parties knowingly and intentionally possessed and imported the marijuana. See 21 U.S.C. §§ 841(a), 960. Capps testified that after the first trip to Mexico, the bus had marijuana residue in it and a duffle bag of a type that he knew was commonly used in drug smuggling. Ramos stated to Nickell that he wanted her to transport marijuana in the bus. Ramos also stated to Capps that he had made money transporting marijuana for Juan and Jose. Taken as a whole, this evidence supports the jury's findings that Ramos had knowledge of the conspiracy and acted in furtherance of it.
 
 IV.
 
 13
 We review for abuse of discretion the district court's decision to admit expert testimony. United States v. Alonso, 48 F.3d 1536, 1539 (9th Cir.1995).
 
 
 14
 Defense counsel objected to the admission of Brien's testimony about the "overall organization of the drug smuggling groups," arguing that it was not relevant, was inappropriate, and highly prejudicial under Fed.R.Evid. 403. The district court allowed Brien to testify about the value of the marijuana, whether the amount was for personal use, and how drug smuggling organizations operated. Ramos contends that this testimony constituted improper "criminal profile" evidence. See United States v. Beltran-Rios, 878 F.2d 1208, 1211 (9th Cir.1989).
 
 
 15
 Some of Brien's testimony bordered on impermissible profile evidence; Brien made generalizations about " 'characteristics often displayed by those trafficking in drugs.' " United States v. Quigley, 890 F.2d 1019, 1021 (8th Cir.1989) (quoting United States v. Campbell, 843 F.2d 1089, 1091 n. 3 (8th Cir.1988)), cert. denied, 493 U.S. 1091 (1990). These comments did not constitute a major portion of Brien's expert testimony, however, and we conclude that any error in their admission was harmless in light of the evidence against Ramos. Most of Brien's expert testimony was not in the nature of profile evidence; it described the organization and modus operandi of drug trafficking organizations.
 
 
 16
 This Circuit has held that " 'government agents ... may testify as to the general practices of criminals to establish the defendants' modus operandi.' " United States v. Gil, 58 F.3d 1414, 1422 (9th Cir.) (quoting United States v. Johnson, 735 F.2d 1200, 1202 (9th Cir.1984)), cert. denied, 116 S.Ct. 430 (1995). In Gil, this court held that the district court did not abuse its discretion by allowing expert testimony that drug traffickers, among other things, register cars in others' names and frequently use pagers. Id. The bulk of Brien's testimony in this case was similar to the testimony found admissible in Gil, and we accordingly conclude that the district court did not abuse its discretion in admitting it.[1]
 
 V.
 
 17
 Ramos's convictions on all counts are therefore
 
 
 18
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3
 
 
 [1]
 Contrary to Ramos's contention, Brien's testimony did not violate Fed.R.Evid. 704(b). Brien did not state an opinion whether Ramos "did or did not have the mental state or condition constituting an element of the crime charged." Id