113 F.3d 1244
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Linda May RANKIN, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Tina Marie VALENCIA, Defendant-Appellant.
 Nos. 96-50381, 96-50384.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 6, 1997.*
Decided May 14, 1997.
 
 1
 Before: THOMPSON and T.G. NELSON, Circuit Judges, and FITZGERALD, Senior District Judge.**
 
 
 2
 MEMORANDUM***
 
 
 3
 Linda May Rankin and Tina Marie Valencia appeal their jury convictions for importation of approximately 52.92 kilograms of marijuana, in violation of 21 U.S.C. §§ 952 and 960, and for possession with the intent to distribute approximately 52.92 kilograms of marijuana, in violation of 21 U.S.C. § 841(a)(1). Rankin also appeals her sentence. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. 3742(a)(1) & (2) and we affirm.
 
 
 4
 The parties are familiar with the facts and we will not recite them here.
 
 
 5
 I. ARGUMENTS RAISED BY BOTH RANKIN AND VALENCIA
 
 A. Jury Instructions
 
 6
 The district court did not err by failing to give Rankin's or Valencia's proposed jury instructions. " 'A defendant is entitled to have the judge instruct the jury on [her] theory of defense, provided that it is supported by law and has some foundation in the evidence.' " United States v. Dees, 34 F.3d 838, 842 (9th Cir.1994) (quoting United States v. Mason, 902 F.2d 1434, 1438 (9th Cir.1990)); United States v. Zuniga, 6 F.3d 569, 570 (9th Cir.1993). However, a district court is not required to give a defendant's proposed instruction on [her] theory of the case if the instructions actually given, viewed in their entirety, adequately cover that defense theory. Dees, 34 F.3d at 842; Mason, 902 F.2d at 1438.
 
 
 7
 Contrary to the contentions of Rankin and Valencia, the jury instructions actually given encompassed their theory of defense. The instructions made it perfectly clear that the jury could not convict the defendants on either count if they had a reasonable doubt as to whether the defendants knew the drugs were in the car. The instructions stated that in order for the defendants to be found guilty of either count, the government had to prove every element of the crime beyond a reasonable doubt, that knowledge was an element of the crimes charged, and that the jury had the discretion to credit or discredit any expert testimony.
 
 
 8
 Valencia argues the instructions actually given did not make it clear "that it was for [the jury], not for Agent Aarons, to decide if the knowledge element of the two crimes charged had been met." We disagree. The instructions given made this perfectly clear. The district court did not abuse its discretion in failing to give Rankin and Valencia's proposed jury instructions.
 
 
 9
 B. Admission of Unpaid Bills Found on Rankin
 
 
 10
 The district court did not abuse its discretion by admitting into evidence unpaid bills found on Rankin when she was arrested. Rankin and Valencia argue that the bills were not relevant and that the government improperly used the bills to show the defendants had a financial motive for committing the crimes. Our review of the record reveals that the government used the bills to impeach Rankin's story that she and Valencia went to Tijuana on a $100 shopping spree. The government was casting doubt on Rankin's account of events by suggesting that the women could not afford to spend $100 frivolously on ceramic Mickey Mouse figures and a necklace. The bills were properly admitted and used as impeachment evidence.
 
 
 11
 Valencia argues the district court improperly failed to consider the Rule 403 balancing test and that she was prejudiced by the admission of the evidence. However, a district court need not mechanically recite Rule 403's requirements before admitting evidence so long as the record reveals "the district court considered Rule 403's requirements." United States v. Jackson, 84 F.3d 1154, 1159 (9th Cir.), cert. denied, --- U.S. ----, 117 S.Ct. 445 (1996); United States v. Ono, 918 F.2d 1462, 1465 (9th Cir.1990). Here, the record reveals the district court considered Rule 403's requirements. When Rankin objected to admission of the unpaid bills, the district court overruled the objection and noted that, like the items introduced by Rankin which were found in the car, and to which the government had objected, Rankin's objection to the bills went to their "weight rather than admissibility." It is clear from the record that the court considered Rule 403's requirements, although it did not articulate a balancing test.
 
 
 12
 We also reject Rankin's suggestion that the district court was bound by the pretrial in limine ruling made by a different judge. At trial a district court may reconsider and change a pretrial evidentiary order. See United States v. Rabb, 752 F.2d 1320, 1323 (9th Cir.1984). Moreover, in her pretrial in limine ruling, the judge stated only that she would not allow the substance of the bills to be introduced "until I find that they are relevant." In the course of the trial, the bills became relevant to impeachment. The district court did not abuse its discretion in admitting the unpaid bills into evidence.
 
 II. ARGUMENTS RAISED BY LINDA MAY RANKIN
 
 13
 A. Judge's "Hostile Comments" and "Repeated Interruptions"
 
 
 14
 We reject Rankin's argument that the trial judge's comments and interruptions violated her Fifth Amendment due process rights to receive a fair trial by an unbiased judge and to present a defense, and her Sixth Amendment right to confront and cross-examine witnesses.
 
 
 15
 We will order a new trial based on a trial judge's conduct only where "the record 'discloses actual bias on the part of the trial judge or leaves the reviewing court with an abiding impression that the judge's remarks and questioning of witnesses projected to the jury an appearance of advocacy or partiality.' " United States v. Mostella, 802 F.2d 358, 361 (9th Cir.1986) (quoting Shad v. Dean Witter Reynolds, Inc., 799 F.2d 525 (9th Cir.1986)). It is well established, however, that a trial judge is more than just a moderator or umpire. Id. (citing United States v. McDonald, 576 F.2d 1350, 1358 (9th Cir.1978)). He or she " 'has the responsibility to preside in such a way as to promote a fair and expeditious development of the facts unencumbered by irrelevancies.' " United States v. Harris, 501 F.2d 1, 10 (9th Cir.1974) (quoting Smith v. United States, 305 F.2d 197, 205 (9th Cir.1962)). Thus, "[i]t is entirely proper for [a trial judge] to participate in the examination of witnesses for the purpose of clarifying the evidence, confining counsel to evidentiary rulings, controlling the orderly presentation of the evidence, and preventing undue repetition of testimony." Mostella, 802 F.2d at 361; see also United States v. Allsup, 566 F.2d 68, 72 (9th Cir.1977).
 
 
 16
 Our review of the record reveals that the district court showed no bias or partiality before the jury. The court was merely doing its job by controlling the flow of information and evidence according to the rules of procedure. Moreover, the court expressly cautioned the jury not to infer from its comments that it had any views on the merits of the case or the credibility of witnesses:
 
 
 17
 It is the duty of the court to admonish an attorney, who out of zeal for his or her cause, does something which is not in keeping with the rules of evidence or procedure. You are to draw no inference against the side to whom an admonition by the court may be addressed during the course of the trial.
 
 
 18
 See Mostella, 802 F.2d at 362. The district court's comments did not deny Rankin a fair trial or any other constitutional right.
 
 B. Mitigating Role Adjustment at Sentencing
 
 19
 The district court did not clearly err in finding that Rankin was not entitled to a mitigating role adjustment under United States Sentencing Guidelines Section 3B1.2.
 
 
 20
 Section 3B1.2 requires a judge to decrease the base offense level of a "minimal participant" in any criminal activity by four levels and to decrease the base offense level of a "minor participant" by two levels. USSG § 3B1.2. A downward adjustment under section 3B1.2 is to be used infrequently and only in exceptional circumstances. United States v. Davis, 36 F.3d 1424, 1436 (9th Cir.1994). Just because a defendant is less culpable than her co-participants, she is not automatically entitled to a reduction for playing a mitigating role. Id.; United States v. Benitez, 34 F.3d 1489, 1498 (9th Cir.1994), cert. denied, 115 S.Ct. 1268 (1995); United States v. Andrus, 925 F.2d 335, 338 (9th Cir.1991). An adjustment is warranted only where the defendant's role in the offense makes her "substantially less culpable than the average participant." USSG § 3B1.2, comment. (backg'd); Benitez, 34 F.3d at 1499; Andrus, 925 F.2d at 337.
 
 
 21
 Rankin was the owner of and passenger in the car used to smuggle approximately 52.92 kilograms of marijuana. There was evidence that she recruited her sister into the drug smuggling scheme, that she made all the arrangements to go into Mexico with "Miguel," and that she was the one being paid by "Miguel." Rankin argues she was just a courier, but we have repeatedly held that the "fact that a defendant acted as a drug courier does not mean [her] role was minimal or minor." See Davis, 36 F.3d at 1436; Ajala v. U.S. Parole Com'n, 997 F.2d 651, 656 (9th Cir.1993); United States v. Lui, 941 F.2d 844, 849 (9th Cir.1991).
 
 
 22
 Rankin complains the district court did not make explicit factual findings on this matter or explain why it declined to apply the adjustment. However, a sentencing court "has no duty to make a finding regarding a defendant's relative culpability; it only needs to make its resolution of disputed matters clear." Davis, 36 F.3d at 1436. Here, there were no unresolved factual matters and it is clear the district court found Rankin was not entitled to a downward adjustment for a mitigating role in the offense. This finding is not clearly erroneous.
 
 III. ARGUMENTS RAISED BY TINA MARIE VALENCIA
 
 23
 A. Admissibility of Pager and Testimony Regarding Use of Pagers
 
 
 24
 The district court did not abuse its discretion by admitting the pager found in the car or Agent Aarons' testimony regarding the use of pagers by drug traffickers. Valencia argues this was prohibited "drug courier profile" evidence. We considered and rejected this argument in United States v. Gil, 58 F.3d 1414, 1421-22 (9th Cir.), cert. denied, --- U.S. ----, 116 S.Ct. 430 (1995). In Gil, we held the district court did not abuse its discretion when it allowed, among other evidence, testimony regarding the use of beepers by drug dealers. See id. at 1421-22. We noted that "we have consistently held 'that Government agents or similar persons may testify as to the general practices of criminals to establish the defendants' modus operandi.' " Id. at 1422 (quoting United States v. Johnson, 735 F.2d 1200, 1202 (9th Cir.1984)). Modus operandi testimony is useful when, as here, it alerts the jury to the possibility that "combinations of seemingly innocuous events may indicate criminal behavior." Id. at 1422 (quoting Johnson, 735 F.2d at 1202)).
 
 
 25
 Nor did the court abuse its discretion in admitting Aarons' testimony on redirect examination that he did not believe he had ever encountered a "blind mule" or that drug smugglers would want to employ "blind mules" because of the risks involved. This testimony is not profile testimony. Defense counsel "opened the door" to this testimony by inquiring on cross-examination about Agent Aaron's knowledge of "blind mules," thereby suggesting that the defendants could have been "blind mules." See United States v. Taylor, 716 F.2d 701, 710 (9th Cir.1983).
 
 
 26
 Also, the district court did not err by refusing to give a limiting instruction regarding drug courier profiles.
 
 B. Motion for Judgment of Acquittal
 
 27
 Finally, the district court did not err by denying Valencia's motion for judgment of acquittal. The evidence was sufficient for a rational jury to find beyond a reasonable doubt that Valencia knew the marijuana was in the car. See Jackson v. Virginia, 443 U.S. 307, 319 (1979); United States v. Marbella, 73 F.3d 1508, 1514 (9th Cir.), cert. denied, 116 S.Ct. 2555 (1996). Circumstantial evidence may be sufficient for a rational jury to infer knowledge. See United States v. Jackson, 72 F.3d 1370, 1384 (9th Cir.1995), cert. denied, 116 S.Ct. 1546 (1996); Gil, 58 F.3d at 1423. We have held that "knowledge may be reasonably inferred where the defendant drives a car 'laden' with illegal substances." United States v. Quintero-Barraza, 78 F.3d 1344, 1351 (9th Cir.1995), cert. denied, 117 S.Ct. 135 (1996), (citing United States v. Savinovich, 845 F.2d 834, 838 (9th Cir.1988)). See also United States v. Davila-Escovedo, 36 F.3d 840, 842-43 (9th Cir.1994). Here, Valencia was driving the car which contained a large quantity of marijuana. Moreover, there was additional circumstantial evidence tending to show knowledge, including: (1) expert testimony that drug dealers would be unlikely to entrust such a large quantity of drugs to an unknowing dupe, see United States v. Castro, 972 F.2d 1107, 1111 (9th Cir.1992); (2) testimony that there was a strong odor of soap inside the vehicle, see United States v. Sanchez-Robles, 927 F.2d 1070, 1076 (9th Cir.1990); and (3) the defendants' testimony that they lent their car to a stranger in Tijuana, a story the jury could well have found implausible. Implausible testimony provides a basis for the jury to conclude that the opposite of the testimony is true. See United States v. Stauffer, 922 F.2d 508, 515 (9th Cir.1990).
 
 
 28
 The district court did not err in denying Valencia's motion for acquittal.
 
 IV. CONCLUSION
 
 29
 The convictions of Rankin and Valencia are AFFIRMED. Valencia does not appeal her sentence. The sentence of Rankin is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for disposition without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 Hon. James M. Fitzgerald, Senior District Judge for the District of Alaska, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3