**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-50051 |
| Plaintiff-Appellee, | D.C. No. 2:13-cr-00668-TJH-1 |
| v. | |
| VLADISLAV TCHERNIAVSKY, AKA Cherniavsky Cherniavsky, AKA Vladislav Cherniavsky, AKA Vladislav Tcherniyvsky, AKA Vladi, | MEMORANDUM<sup>*</sup> |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Terry J. Hatter, District Judge, Presiding

Argued and Submitted December 8, 2017
Pasadena, California

Before: WARDLAW and GOULD, Circuit Judges, and GONZALEZ ROGERS,<sup>**</sup>
District Judge.

---

       <sup>*</sup>     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

       <sup>**</sup>    The Honorable Yvonne Gonzalez Rogers, United States District Judge
for the Northern District of California, sitting by designation.

Vladislav Tcherniavsky appeals from his conviction of one count of conspiracy and five related counts of health care fraud on multiple grounds. We affirm.

**1.** The district court did not abuse its discretion in admitting evidence of Tcherniavsky's ultrasound-related activities.[1] Because such evidence was "inextricably intertwined" with the power wheelchair conspiracy offense, the evidence was properly exempted from the requirements of Federal Rule of Evidence 404 and properly admitted. *United States v. Williams*, 989 F.2d 1061, 1070 (9th Cir. 1993).

**2.** The district court did not abuse its discretion by not excluding expert testimony on the modus operandi of typical durable medical equipment ("DME") Medicare fraud schemes. Modus operandi evidence is admissible under Federal Rule of Evidence 702 to educate jurors about the methods and techniques used in a particular area of criminal activity. Here, the testimony proffered satisfied the requirements of Rule 702 to educate the jury about the methods and techniques used in Medicare fraud schemes involving DME. *See United States v. Gil*, 58 F.3d 1414, 1422 (9th Cir. 1995); *United States v. Johnson*, 735 F.2d 1200, 1202 (9th

---

[1] We need not address the government's argument that plain error review applies because Tcherniavsky's argument is unavailing under the less deferential abuse of discretion standard.

Cir. 1984). The testimony was not unduly prejudicial because it helped to explain Tcherniavsky's actions and was probative of his guilt from participation in the fraudulent scheme. Fed. R. Evid. 403. The district court's failure to provide a limiting instruction at the time the testimony was offered was not plain error because the absence of a limiting instruction did not materially affect the verdict. *See United States v. Olano*, 507 U.S. 725, 734 (1993).

3. The district court did not clearly err by not discounting its loss and restitution calculations based on testimony that some of the patients who received power wheelchairs were actually entitled to them under Medicare.[2] The government presented sufficient evidence regarding Tcherniavsky's business to permit the district court to make the inference that most, if not all, of the Medicare billing was tainted by fraud. *See United States v. Walter-Eze*, 869 F.3d 891, 912–13 (9th Cir. 2017). Furthermore, Tcherniavsky failed to meet the burden-shifting standard in health care fraud cases. *See Popov*, 742 F.3d at 916; United

---

[2] Contrary to the government's argument, Tcherniavsky argued below that the loss amount was overstated and thereby did not forfeit his loss amount arguments. In any event, his claims must be reviewed for clear error. *See United States v. Popov*, 742 F.3d 911, 914 (9th Cir. 2014) ("A district court's factual determinations, including the amount of loss in cases of fraud, are reviewed for clear error."). As for the restitution amount, the applicable standard of review is clear error, irrespective of whether Tcherniavsky forfeited his restitution claims. *See United States v. Lazarenko*, 624 F.3d 1247, 1249 (9th Cir. 2010) ("Factual findings supporting an order of restitution are reviewed for clear error.").

States Sentencing Guidelines Manual ("USSG") § 2B1.1, cmt. n.3 (F)(viii). He did not present anything to rebut the government's prima facie evidence of intended loss and establish how much of his business was legitimate. *See Walter-Eze*, 869 F.3d at 912–14.

4. The district court did not clearly err at sentencing in holding that Tcherniavsky was an organizer or leader of the offense. The criminal activity involved at least five participants, and there are facts to indicate that Tcherniavsky controlled or led others in the enterprise. USSG § 3B1.1(a). The fact that the participants may have been independent contractors, or that there may have been other leaders, does not render application of the organizer or leader enhancement erroneous. *United States v. Montano*, 250 F.3d 709, 715–16 (9th Cir. 2001); USSG § 3B1.1, cmt. n.4.

**AFFIRMED**.

4