# FILED

NOT FOR PUBLICATION

AUG 16 2019

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| UNITED STATES OF AMERICA, | No.  17-50433 |
| Plaintiff-Appellee, | D.C. No.<br>3:17-cr-01550-LAB-2 |
| v. | |
| FRANKIE OVIES, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.  18-50049 |
| Plaintiff-Appellee, | D.C. No.<br>3:14-cr-00530-CAB-1 |
| v. | |
| FRANKIE THOMAS OVIES, | |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Cathy Ann Bencivengo, District Judge, Presiding

Submitted August 14, 2019[**]
Pasadena, California

Before: CALLAHAN, CHRISTEN, and R. NELSON, Circuit Judges.

Defendant-Appellant Frankie Ovies appeals his conviction for aiding and abetting the transportation of illegal aliens in violation of 8 U.S.C. § 1324 and the related revocation of his supervised release based on the new violation. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm. Because the parties are familiar with the facts, we recite only those necessary to resolve the issues on appeal.

1. The district court did not abuse its discretion by permitting Agent Gutierrez's expert testimony about the modus operandi of alien smuggling organizations. Ovies argues that the testimony was irrelevant and unduly prejudicial; he does not dispute Agent Gutierrez's qualifications to serve as an expert witness. We have approved the use of expert testimony about general criminal practices to establish modus operandi, *see United States v. Johnson*, 735 F.2d 1200, 1202 (9th Cir. 1984), including in the context of alien smuggling organizations, *see, e.g.*, *United States v. Mejia-Luna*, 562 F.3d 1215, 1219 (9th Cir.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

2009). There was sufficient circumstantial evidence presented at trial to establish Ovies's involvement with a broader organization: Ovies's communication with Madrigal, with whom he had no prior relationship, through a rapid series of calls and text messages all correlated with Madrigal picking up Camacho at the border; Madrigal's contact with "El Cholo," who Camacho had paid to help smuggle him over the border; the contents of the text messages, calls, and in-person exchanges between Ovies and Madrigal, including Ovies's statement that "the road was clean, that there [were] no checkpoints"; and Ovies's actions guiding Madrigal north from the border toward Los Angeles. Agent Gutierrez's testimony helped the jury understand how these "combinations of seemingly innocuous events may indicate criminal behavior," *Johnson*, 735 F.2d at 1202, and thus was relevant testimony.

We further conclude that Ovies's challenge to Agent Gutierrez's testimony pursuant to Federal Rule of Evidence 403 was unpreserved for appeal. Although he asserted that the modus operandi testimony should be excluded under Rule 403 in his motion in limine, Ovies neither argued nor objected on Rule 403 grounds at either the pretrial hearing or at trial, and the court never made an explicit or definite ruling on the objection. *See United States v. Archdale*, 229 F.3d 861, 864 (9th Cir. 2000) ("Absent a thorough examination of the objection raised in the motion in limine and an explicit and definitive ruling by the district court that the

3

evidence is admissible, a party does not preserve the issue of admissibility for appeal absent a contemporaneous objection."). Even if the objection had been preserved, the district court did not abuse its discretion by declining to exclude Agent Gutierrez's testimony under Rule 403.

2. The district court did not abuse its discretion by allowing Agent Ambrose to testify about using Cellebrite to extract data from Ovies's cell phone without first qualifying him as an expert witness under Federal Rule of Evidence 702. Agent Ambrose testified only about the steps he took using the Cellebrite program; he did not opine as to the reliability or any other aspect of the Cellebrite technology and his testimony was not based on technical or specialized knowledge. On this record, without additional evidence of how Cellebrite works, we decline to reach the question whether the introduction of Cellebrite evidence requires expert testimony. Ovies was not prejudiced by Agent Ambrose's testimony because Madrigal testified independently about the contents of his text messages and phone calls with Ovies.

3. Ovies challenges two types of alleged prosecutorial misconduct during the government's closing argument: improper vouching and disparaging defense counsel. Even if the prosecutor's repeated statements that the case had "been proven beyond any possible doubt, let alone a reasonable one," crossed the line

into misconduct, *see, e.g.*, *United States v. Ruiz*, 710 F.3d 1077, 1085–86 (9th Cir. 2013), those statements did not "result[] in substantial prejudice" because they constituted only a small portion of the argument and the evidence against Ovies was otherwise strong. *Id.* at 1084, 1087.

Nor did the district court abuse its discretion when it overruled Ovies's objection to the prosecutor's comment during rebuttal about defense counsel's attempts to play on the jury's sympathies. "Criticism of defense theories and tactics is a proper subject of closing argument." *United States v. Sayetsitty*, 107 F.3d 1405, 1409 (9th Cir. 1997). Moreover, any potential error was harmless because Ovies has not demonstrated that it was "more probable than not that" the single, isolated comment in the context of the entire trial "materially affected the verdict." *United States v. Sarkisian*, 197 F.3d 966, 988 (9th Cir. 1999) (quoting *United States v. Peterson*, 140 F.3d 819, 821 (9th Cir. 1998)).

4. The district court had broad discretion to revoke Ovies's supervised release following his new violation. 18 U.S.C. § 3583(e)(3); U.S.S.G. §§ 7B1.3(a)(1), 7B1.1(a)(2). Because we affirm Ovies's conviction, we also affirm the district court's decision to revoke his supervised release because of that conviction.

**AFFIRMED.**

5