NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUL 31 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff - Appellee, <br><br> v. <br><br> ERIC SCHMIDT, <br><br> Defendant - Appellant. | No. 23-334 <br><br> D.C. No. 5:22-cr-00174-SB-1 <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Stanley Blumenfeld, Jr., District Judge, Presiding

Argued and Submitted July 19, 2024
Pasadena, California

Before: WARDLAW, PAEZ, and SANCHEZ, Circuit Judges.

Eric Schmidt appeals his conviction and sentence for one count of possession with intent to distribute at least 400 grams of a mixture and substance containing a detectable amount of fentanyl in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(vi). We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), and we affirm.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

1. The district court did not err by failing to instruct the jury that it must find that Schmidt knew the drugs in the package were fentanyl to convict him under 21 U.S.C. § 841(b). "The government is not required to prove that the defendant knew (or had an intent) with respect to the drug type and quantity set forth in [§ 841(b)'s] penalty provisions in order for them to apply." *United States v. Collazo*, 984 F.3d 1308, 1315 (9th Cir. 2021) (en banc).[1]

2. We reject Schmidt's contention that the jury instructions and the government's presentation and closing argument constructively amended the indictment. The indictment identified the particular controlled substance and quantity at issue, charging Schmidt with "knowingly and intentionally possess[ing] with intent to distribute at least 400 grams . . . of a mixture and substance containing a detectable amount of . . . 'fentanyl.'" First, there was no real inconsistency between the indictment, which was highly specific as to drug type and quantity, and the jury instructions, which correctly recited the law that "it does

---

[1] Contrary to Schmidt's contention, *Ruan v. United States*, 597 U.S. 450 (2022), did not abrogate *Collazo*. *Ruan* explained that "a word such as 'knowingly' modifies not only the words directly following it, but also those other statutory terms that 'separate wrongful from innocent acts.'" 597 U.S. at 458 (quoting *Rehaif v. United States*, 588 U.S. 225, 232 (2019)). Lack of authorization, which was at issue in *Ruan*, is one such term. *Id.* But *Collazo* held that drug type and quantity is not. *See Collazo*, 984 F.3d at 1327 ("Regardless of the type and quantity of the controlled substance, there is no risk that a defendant would fail to understand the unlawful nature of the act."). Relatedly, *Collazo* forecloses Schmidt's efforts to read a recklessness mens rea into § 841(b). *See id.* at 1329.

not matter whether the defendant knew that the substance was fentanyl," and that "it is sufficient that the defendant knew that it was some kind of federally controlled substance." Second, this argument is foreclosed by *United States v. Sua*, 307 F.3d 1150, 1155 (9th Cir. 2002), in which we rejected an identical claim on the basis that the defendant's "knowledge of drug type and quantity . . . was not 'essential' to his conviction under 21 U.S.C. § 841."

3. The district court did not plainly err by permitting the prosecution to question Schmidt as to whether a "part of what [the agents] are saying is true." We have previously held that "it is improper to compel the defendant 'to comment on the truthfulness of another witness.'" *United States v. Alcantara-Castillo*, 788 F.3d 1186, 1193 (9th Cir. 2015) (quoting *United States v. Harrison*, 585 F.3d 1155, 1158 (9th Cir. 2009)). However, we have drawn a distinction between asking a defendant whether a witness lied or otherwise engaged in "intentional deception," and asking whether a witness testified "inaccurately." *See id.* (quoting *United States v. Greer*, 640 F.3d 1011, 1023 (9th Cir. 2011)).

Here, prosecutors asked Schmidt a short series of questions to confirm that he did not dispute certain testimony of two law enforcement witnesses. While the distinction between asking if a particular fact "is true" and whether a particular witness is "telling the truth" is a fine one, we need not decide here whether questioning of this sort is forbidden. Schmidt has failed to demonstrate that any

error affected his substantial rights given other "overwhelming evidence of guilt," including the intricate packaging of the drug parcel. *See United States v. Ramirez*, 537 F.3d 1075, 1086 (9th Cir. 2008).

4. The district court did not abuse its discretion under Federal Rule of Evidence 403 by permitting Inspector Jacobs' testimony regarding international drug trafficking through the United States Postal Service. This testimony was relevant to "help[] the jury understand complex criminal activities, and alert[] it to the possibility that combinations of seemingly innocuous events may indicate criminal behavior." *United States v. Gil*, 58 F.3d 1414, 1422 (9th Cir. 1995) (quoting *United States v. Johnson*, 735 F.2d 1200, 1202 (9th Cir. 1984)). Because the testimony was "probative of a matter properly before the court," *United States v. Vallejo*, 237 F.3d 1008, 1012 (9th Cir.), *amended*, 246 F.3d 1150 (9th Cir. 2001), and was closely tailored to the evidence in the case, the district court did not abuse its discretion in determining that it was not unduly prejudicial. *See* Fed. R. Evid. 403.

5. The district court did not plainly err under Federal Rule of Evidence 704 by permitting Inspector Jacobs' testimony. Schmidt relies solely on factually inapposite, out-of-circuit authority to support his argument that Inspector Jacobs impermissibly testified "about whether the defendant did or did not have a mental state or condition that constitutes an element of the crime charged or of a defense."

Fed. R. Evid. 704(b). Inspector Jacobs did not testify that Schmidt or members of any group to which Schmidt belongs possess a particular mental state. "Because the expert witness did not state an opinion about whether [the defendant himself] had a particular mental state, we conclude that the testimony did not violate Rule 704(b)." *Diaz v. United States*, 144 S. Ct. 1727, 1730 (2024).

6.     Because Schmidt fails to identify multiple trial errors, his cumulative error claim fails. *See United States v. Easter*, 66 F.3d 1018, 1023 (9th Cir. 1995).

**AFFIRMED.**