**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHARLES L. CADDELL, | No. 10-36110 |
| Plaintiff - Appellant, | D.C. No. 6:10-cv-00011-DWM |
| v. | |
| HELENA ELDER HOUSING, INC.; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

| | |
|---|---|
| CHARLES L. CADDELL, | No. 11-35510 |
| Plaintiff - Appellant, | D.C. No. 6:11-cv-00020-DWM |
| v. | |
| CITY OF HELENA; et al., | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Montana
Donald W. Molloy, District Judge, Presiding

---

      [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted October 9, 2012[]

Before:    RAWLINSON, MURGUIA, and WATFORD, Circuit Judges.

In these consolidated appeals, Charles L. Caddell appeals pro se from the district court's judgments in his actions against the City of Helena ("the City") and Helena Elder Housing, Inc. ("HEH") in connection with two citations Caddell was issued for disorderly conduct.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo.  *Bruce v. Ylst*, 351 F.3d 1283, 1287 (9th Cir. 2003) (summary judgment); *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002) (res judicata); *Nelson v. Heiss*, 271 F.3d 891, 893 (9th Cir. 2001) (Fed. R. Civ. P. 12(b)(6) dismissal).  We affirm.

In No. 10-36110, the district court properly granted summary judgment for the City because Caddell failed to establish a genuine dispute of material fact as to whether the alleged federal constitutional violations resulted from an official city policy, custom, or practice.  *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978) (setting forth requirements for a § 1983 claim of municipal liability).

The district court properly dismissed Caddell's due process claims against HEH because Caddell failed to allege the deprivation of a protected liberty or

---

[**]    The panel unanimously concludes these cases are suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

property interest. *See Shanks v. Dressel*, 540 F.3d 1082, 1090 (9th Cir. 2008) (procedural due process violation requires a deprivation of a protected liberty or property interest by the government and lack of process); *see also Miller v. Reed*, 176 F.3d 1202, 1205-06 (9th Cir. 1999) (there is no fundamental right to drive, and denying plaintiff a driver's license did not unconstitutionally impede right to interstate travel).

The district court properly dismissed Caddell's equal protection claims against HEH because Caddell failed to allege facts demonstrating a discriminatory intent. *See Monteiro v. Tempe Union High Sch. Dist.*, 158 F.3d 1022, 1026 (9th Cir. 1998) (equal protection claim "must plead intentional unlawful discrimination or allege facts that are at least susceptible of an inference of discriminatory intent").

The district court did not abuse its discretion in dismissing Caddell's complaint without leave to amend because amendment would have been futile. *See Allwaste, Inc. v. Hecht*, 65 F.3d 1523, 1530 (9th Cir. 1995) (district court does not abuse its discretion to deny leave to amend where it "could reasonably conclude that further amendment would be futile").

The district court did not abuse its discretion in declining to exercise supplemental jurisdiction over the remaining state law claims after it properly

dismissed Caddell's federal claims. *See* 28 U.S.C. § 1367(c)(3); *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1143 n.7 (9th Cir. 2003).

Caddell's contentions concerning whether the district court conducted a de novo review of the magistrate judge's findings and recommendations are unsupported by the record.

In No. 11-35510, the district court properly dismissed Caddell's second action against the City and HEH as barred by the doctrine of res judicata because Caddell raised, or could have raised, these claims in his earlier action that involved these same defendants and was decided on the merits. *See Stewart*, 297 F.3d at 956 (res judicata bars litigation in a subsequent action of "'any claims that were raised or could have been raised' in a prior action" (emphasis and citation omitted)); *see also Beard v. Sheet Metal Workers Union, Local 150*, 908 F.2d 474, 477 n.3 (9th Cir. 1990) (a dismissal with prejudice constitutes a final judgment on the merits for purposes of res judicata).

Caddell's contentions concerning the removal of this case from state court are unpersuasive.

In both Nos. 10-36110 and 11-35510, we do not consider matters not specifically and distinctly raised and argued in the opening briefs, or issues raised

for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

Caddell's "motion for relief from consequences of lower court order," filed on January 30, 2012, is denied as unnecessary.

**AFFIRMED.**