MEMORANDUM **
Defendant Reynaldo Pedregón, Jr., appeals his conviction of possession with intent to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(l)(A)(viii). At trial, the government introduced evidence that Defendant had previously been convicted of conspiracy to distribute methamphetamine for the purpose of proving knowledge and intent. Defendant contends that the district court abused its discretion in admitting this evidence. We affirm.
We review for abuse of discretion a district court’s admission of evidence under Federal Rule of Evidence 404(b). United States v. Ramirez-Robles, 886 F.3d 1234, 1240 (9th Cir.2004). This Court also reviews for abuse of discretion the district court’s balancing of the probative value of evidence against its prejudicial effect under Federal Rule of Evidence 403. Id. at 1243.
The district court did not abuse its discretion by admitting the Defendant’s prior conviction for conspiracy to distribute methamphetamine because it was probative of Defendant’s knowledge of drug distribution and intent to distribute the methamphetamine, both of which are permissible reasons for which evidence of pri- or drug transactions may be used. The law in this Circuit has long been established that evidence of a prior conviction of a similar crime is admissible under Rule 404(b) to prove knowledge and intent. See, e.g., United States v. Vo, 413 F.3d 1010, 1018 (9th Cir.2005) (“We have consistently held that evidence of a defendant’s prior possession or sale of narcotics is relevant under Rule 404(b) to issues of intent, knowledge, motive, opportunity, and absence of mistake or accident in prosecutions for possession of, importation of, and intent to distribute narcotics.”) (quoting United States v. Mehrmanesh, 689 F.2d 822, 832 (9th Cir.1982)). The prior conviction was relevant to Defendant’s intent, was similar to the erime charged, and was not too remote. United States v. Romero, 282 F.3d 683, 688 (9th Cir.2002).
The district court also did not abuse its discretion in finding that the probative value of the prior conviction outweighed any prejudicial effect. “The decision to admit potentially prejudicial evidence under Rule 403 is ‘committed to the sound discretion of the trial court.’ ” Boyd v. City and Cnty. of S.F., 576 F.3d 938, 948 (9th Cir.2009) (quoting United States v. Blitz, 151 F.3d 1002, 1008 (9th Cir.1998)). Rule 403 was properly applied “ ‘[a]s long as it appears from the record as a whole that the trial judge adequately weighed the probative value and prejudicial effect of proffered evidence before its admission.’ ” United States v. Verduzco, 373 F.3d 1022, 1029 n. 2 (9th Cir.2004) (quoting United States v. Sangrey, 586 F.2d 1312, 1315 (9th Cir.1978)). Evidence that a court has admitted certain evidence of pri- or bad acts, “but barred other evidence because it was too prejudicial” is sufficient to demonstrate that the court conducted the required Rule 403 balancing. United States v. Cherer, 513 F.3d 1150, 1158-59 (9th Cir.2008).
Here, the government sought to introduce both a redacted copy of the judgment *608 from Defendant’s prior conviction and a factual synopsis of the charges in that case. The district court ruled that the redacted judgment was admissible under Rule 404(b), but that the factual synopsis of the prior charge was more prejudicial than probative under Rule 403 and therefore inadmissible except as impeachment or rebuttal. The record reflects that the district court properly considered the probative value versus the prejudicial effect of the evidence under Rule 403 and admitted only the evidence that it concluded was more probative than prejudicial. Additionally, the district court mitigated the risk of unfair prejudice by instructing the jury that evidence of the prior conviction could be considered “only for its bearing, if any, on the question of the Defendant’s intent, knowledge, absence of mistake or absence of accident, and for no other purpose.”
The dissent states that Defendant’s pri- or conviction had minimal probative value as to knowledge and intent because he did not dispute those issues at trial. This is incorrect. Defendant went to trial on the charge of possession with intent to distribute methamphetamine. At trial, the government had the burden of proving beyond a reasonable doubt that Defendant (1) knowingly, (2) possessed more than 50 grams of methamphetamine, (3) with the intent to distribute it to another person. Nowhere in the record does it reflect that Defendant did not dispute any element of the crime, or that the government was otherwise relieved of its burden of proof.
The dissent’s reliance on United States v. Vavages, 151 F.3d 1185 (9th Cir.1998), is also misplaced. We are not bound by dicta — discussions that are “unnecessary to the Court’s holdings,” Local 144 Nursing Home Pension Fund v. Demisay, 508 U.S. 581, 592 n. 5, 113 S.Ct. 2252, 124 L.Ed.2d 522 (1993) — in decisions from our court or any other court. United States v. Pinjuv, 218 F.3d 1125, 1129 (9th Cir.2000). In Vavages, we expressly stated that it was unnecessary to reach the issue of whether the district court abused its discretion in admitting evidence of the defendant’s prior conviction. 151 F.3d at 1193. Significantly, we ultimately did not decide whether the district court abused its discretion in admitting the prior offense. Id. at 1194.
Even if the district court abused its discretion in admitting evidence of the pri- or conviction, the error was not prejudicial. Given the weight of evidence against Pe-dregón, it is more probable than not that the jury would have reached the same verdict had evidence of the prior conviction been excluded. Obrey v. Johnson, 400 F.3d 691, 701 (2005).
Finally, Defendant challenges the sufficiency of the evidence. Because Defendant failed to move for acquittal at trial, our review “is deferential, requiring reversal only upon plain error or to prevent manifest injustice.” United States v. Green, 592 F.3d 1057, 1065 (9th Cir.2010). In this case, there was substantial evidence to support the verdict.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.