**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-50537 |
| Plaintiff - Appellee, | D.C. No. 3:12-cr-04321-DMS-1 |
| v. | |
| CIRILO FLORES-PEREZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Dana M. Sabraw, District Judge, Presiding

Argued and Submitted March 5, 2015
Pasadena, California

Before: PREGERSON, PARKER[**], and NGUYEN, Circuit Judges.

Cirilo Flores-Perez appeals his conviction for attempting to transport or
move an alien within the United States, in violation of 8 U.S.C. §
1324(a)(1)(A)(ii).  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Barrington D. Parker, Jr., Senior Circuit Judge for the
U.S. Court of Appeals for the Second Circuit, sitting by designation.

1.     Reviewing for abuse of discretion, *United States v. Hardrick*, 766 F.3d 1051, 1055 (9th Cir. 2014), the district court did not err in admitting evidence of Flores-Perez's prior smuggling acts pursuant to Federal Rule of Evidence 404(b).  The evidence was probative of Flores-Perez's knowledge, intent, and plan. *See United States v. Flores-Blanco*, 623 F.3d 912, 919–20 & n.4 (9th Cir. 2010). We recognize that Flores-Perez did not directly contest his involvement in the charged offense, and instead argued that his conduct did not amount to a "substantial step."  Nonetheless, knowledge, intent, and plan were still material issues in the case because they bore on defendant's guilt of the charged offense, which the government had to prove beyond a reasonable doubt.  *See id.* at n.4; *United States v. Plancarte-Alvarez*, 366 F.3d 1058, 1062–63 (9th Cir. 2004); *United States v. Ramirez-Jiminez*, 967 F.2d 1321, 1325–27 (9th Cir. 1992).

Additionally, the prior smuggling acts were sufficiently similar to the charged offense, *see Flores-Blanco*, 623 F.3d at 919–20, and were not unfairly prejudicial under Rule 403, *see, e.g.*, *United States v. Pedregon*, 520 F. App'x 605, 607–08 (9th Cir. 2013).  Finally, in the district court, the government adequately articulated the "evidential hypothesis by which a fact of consequence may be inferred from the [404(b)] evidence." *United States v. Mayans*, 17 F.3d 1174, 1181 (9th Cir. 1994).

2

2.    Next, reviewing for abuse of discretion, *United States v. Mejia-Luna*, 562 F.3d 1215, 1218–19 (9th Cir. 2009), the district court did not err in admitting expert testimony regarding the methods and tactics of alien smugglers in the Calexico area.  This evidence was relevant for the purpose of "assist[ing] the jury in understanding alien smuggling schemes," *see id.* at 1219, and explaining Flores-Perez's modus operandi, *see United States v. Johnson*, 735 F.2d 1200, 1202 (9th Cir. 1984).  This evidence was not unfairly prejudicial because it did not implicitly tie Flores-Perez to a larger alien smuggling operation, *cf. United States v. Perez*, 272 F. App'x 609, 611 (9th Cir. 2008), or otherwise imply that his criminal conduct was more serious than indicated by the evidence at trial.

**AFFIRMED.**

*United States v. Flores-Perez*, No. 13-50537
PREGERSON, Circuit Judge, dissenting:

I dissent. Flores-Perez was charged and convicted of attempted transportation of an illegal alien in violation of 28 U.S.C. § 1324(a)(1)(A)(ii). Evidence of Flores-Perez's prior alien smuggling acts should have been excluded under Federal Rule of Evidence 403. As the majority recognizes, Flores-Perez did not contest that he was involved in the charged offense; instead, his sole defense was that his conduct did not amount to a substantial step towards commission of the crime. Nonetheless, the court permitted the government to admit Flores-Perez's prior alien smuggling acts under Rule 404(b) to prove Flores-Perez's knowledge, intent, and plan—all uncontested issues. As to these uncontested issues, Flores-Perez's prior alien smuggling acts had minimal, if any, probative value. *See United States v. Vavages*, 151 F.3d 1185, 1193 (9th Cir. 1998) (noting that evidence of the defendant's prior conviction offered to prove knowledge was minimally probative when the only real issue was identity); *United States v. Romero*, 494 Fed. Appx. 809, 814 (9th Cir. 2012) (Watford, J., dissenting).

As to the contested issue in this case—whether Flores-Perez took a substantial step towards commission of the crime—his prior alien smuggling acts had no probative value, except as impermissible propensity evidence. Once the jury learned that Flores-Perez previously was involved in alien smuggling, his

defense was doomed.  Thus, the risk of unfair prejudice from his prior alien smuggling acts was great and substantially outweighed the evidence's minimal probative value.