MEMORANDUM **
Cirilo Flores-Perez appeals his conviction for attempting to transport or move an alien within the United States, in violation of 8 U.S.C. § 1324(a)(1)(A)(ii). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
1. Reviewing for abuse of discretion, United States v. Hardrick, 766 F.3d 1051, 1055 (9th Cir.2014), the district court did not err in admitting evidence of Flores-Perez’s prior smuggling acts pursuant to Federal Rule of Evidence 404(b). The evidence was probative of Flores-Perez’s knowledge, intent, and plan. See United States v. Flores-Bianco, 623 F.3d 912, 919-20 & n. 4 (9th Cir.2010). We recognize that Flores-Perez did not directly contest his involvement in the charged offense, and instead argued that his conduct did not amount to a “substantial step.” Nonetheless, knowledge, intent, and plan were still material issues in the case because they bore on defendant’s guilt of the charged offense, which the government had to prove beyond a reasonable doubt. See id. at n. 4; United States v. Plancarte-Alvarez, 366 F.3d 1058, 1062-63 (9th Cir.2004); United States v. Ramirez-Jiminez, 967 F.2d 1321, 1325-27 (9th Cir.1992).
Additionally, the prior smuggling acts were sufficiently similar to the charged offense, see Flores-Bianco, 623 F.3d at *736 919-20, and were not unfairly prejudicial under Rule 403, see, e.g., United States v. Pedregon, 520 Fed.Appx. 605, 607-08 (9th Cir.2013). Finally, in the district court, the government adequately articulated the “evidential hypothesis by which a fact of consequence may be inferred from the [404(b) ] evidence.” United States v. Mayans, 17 F.3d 1174, 1181 (9th Cir.1994).
2. Next, reviewing for abuse of discretion, United States v. Mejia-Luna, 562 F.3d 1215, 1218-19 (9th Cir.2009), the district court did not err in admitting expert testimony regarding the methods and tactics of alien smugglers in the Calexico area. This evidence was relevant for the purpose of “assist[ing] the jury in understanding alien smuggling schemes,” see id. at 1219, and explaining Flores-Perez’s mo-dus operandi, see United States v. Johnson, 735 F.2d 1200, 1202 (9th Cir.1984). This evidence was not unfairly prejudicial because it did not implicitly tie Flores-Perez to a larger alien smuggling operation, cf. United States v. Perez, 272 Fed.Appx. 609, 611 (9th Cir.2008), or otherwise imply that his criminal conduct was more serious than indicated by the evidence at trial.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.