**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Ronald Wayne JOHNSON,**
**Defendant-Appellant.**

No. 79–1562.

United States Court of Appeals,
Ninth Circuit.

April 30, 1980.

Bob Barber, Jr., Tucson, Ariz., for defendant-appellant.

John G. Hawkins, Tucson, Ariz., for plaintiff-appellee.

Before CHOY and SNEED, Circuit Judges, and EAST,* District Judge.

SNEED, Circuit Judge:

Johnson appeals from his conviction of possession of marijuana with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). He contends that: (1) the prejudice from improper testimony elicited by the court was not cured by the instruction to the jury; (2) the judge's conduct during the trial was prejudicial; and (3) the indictment should have been dismissed as based partially on perjured testimony. We reject each contention and affirm.

## I.

### FACTUAL BACKGROUND

Johnson was indicted for activities alleged to have taken place between November 12, 1974 and December 23, 1974. The government called three witnesses: two brothers, Mark and Mike Norman, and Len Taylor. Mark Norman testified that he sold large amounts of marijuana to Johnson on four occasions. In response to the court's inquiry, Mike Norman testified that Johnson paid him for marijuana in December 1975. Johnson moved to strike Mike Norman's testimony because it concerned activities outside the temporal scope of the indictment. The court granted the motion and declared "[t]he jury is instructed to disregard it entirely." In addition to eliciting improper testimony, the court admonished counsel to prevent jurors' misconduct, alluded to the then recent murder of Judge Wood in the course of instructing the jury not to be intimidated, and told the jury that the evidence had been well presented by both sides.

Both Mike Norman and Len Taylor testified that they overheard Johnson's conversations concerning marijuana sales. Taylor similarly testified before the grand jury after having told an earlier grand jury that he did not know Johnson. The grand jury that indicted Johnson was informed of this inconsistency in Taylor's testimony, but de-

* Honorable William G. East, Senior United States District Judge for the District of Oregon, sitting by designation.

termined not to reconsider its true bill. Johnson's pretrial motion to dismiss the indictment was denied.

## II.

### CURATIVE INSTRUCTION

Federal Rule of Evidence 404(b) provides that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith." Both the government and the trial judge apparently concluded that under this rule, the testimony as to the December 1975 payment was inadmissible. The issue therefore is whether the instruction to disregard that testimony effectively dispelled its prejudicial effect.

■ Although curative instructions are not always effective, *see, e. g., Fiswick v. United States*, 329 U.S. 211, 218, 67 S.Ct. 224, 228, 91 L.Ed. 196 (1946), we have stated that we must assume that the jury followed the curative instruction. *See, e. g., United States v. Brady*, 579 F.2d 1121, 1127 (9th Cir. 1978); *United States v. Price*, 577 F.2d 1356, 1366 (9th Cir. 1978). To proceed properly we must weigh the forcefulness of the instruction and the conviction with which it was given against the degree of prejudice generated by the evidence. *See United States v. Taylor*, 603 F.2d 732, 735–36 (8th Cir. 1979); *United States v. Eng*, 241 F.2d 157, 160–61 (2d Cir. 1957). In fixing the degree of prejudice, the probative force of the inadmissible evidence must be compared with that of the admissible evidence which supports the verdict. *Id.*

■ In the present case, the instruction to disregard was not as forceful as it might have been, but neither was the evidence highly prejudicial. Johnson argues that absent Mike Norman's testimony concerning the December 1975 payment, only one witness, Mark Norman, was presented who had personal knowledge of the marijuana sales. Nonetheless, the inadmissible evidence was not significantly prejudicial. Taylor and Mike Norman testified that they heard Johnson and Mark Norman talking about marijuana deals. Their testimony was useful to the prosecution because it corroborated Mark Norman's testimony. The additional corroboration provided by Mike Norman's testimony about the December 1975 payment was merely cumulative.

The principal reason to attribute prejudice to the evidence is that the court itself elicited it. This gave it a greater impact than it otherwise would have had. *See, e. g., United States v. Wyatt*, 442 F.2d 858, 861 (D.C.Cir.1971). Nonetheless, we hold that any prejudice was too insignificant to warrant reversal.

## III.

### CONDUCT OF TRIAL JUDGE

■ Trial judges should be sensitive to the influence their comments and actions have on the jury and always should avoid the appearance of partiality. *United States v. McDonald*, 576 F.2d 1350, 1358 (9th Cir. 1978); *United States v. Trapnell*, 512 F.2d 10, 12 (9th Cir. 1975). Trial management is, as it must be, within the spacious discretion of the trial judge. *See, e. g., United States v. Kim*, 577 F.2d 473, 484 (9th Cir. 1978); *United States v. Harris*, 501 F.2d 1, 5 (9th Cir. 1974). Abuse of that discretion is not easily established. It has not been established here. Johnson argues that several acts by the court were, when considered cumulatively, sufficiently prejudicial to require reversal. We disagree. Although the judge's conduct was not exemplary, it fell far outside the sphere of actions that would require reversal. *See, e. g., United States v. Welliver*, 601 F.2d 203 (5th Cir. 1979); *United States v. Harris, supra* (excessive examination of witnesses); *United States v. Pena-Garcia*, 505 F.2d 964 (9th Cir. 1974) (directly attacking the credibility of and threatening witnesses).

## IV.

### INCONSISTENT TESTIMONY

In *United States v. Basurto*, 497 F.2d 781 (9th Cir. 1974), we held that an indictment should be dismissed that was based in part

on materially perjured testimony when the perjury was discovered before jeopardy attached and before the statute of limitations ran, and the government informed neither the court nor grand jury.

■ Here the facts are quite different. The prosecutor told the grand jury immediately that there was a discrepancy between what Taylor told them and Taylor's earlier testimony. Nonetheless, the grand jury decided that, although "[t]here is some reason to doubt the testimony of [Taylor] given the evidence you [the prosecutor] presented here today. . . ., there is no reason to question the validity of the indictment." Under these circumstances there exists no prosecutorial misconduct and it is reasonable to conclude that Taylor's testimony was not material. The court's refusal to dismiss the indictment was not error.

Affirmed.