976 F.2d 738
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Rene GUTIERREZ-INSUNZA, Defendant-Appellant.
 No. 91-50249.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 21, 1992.
Decided Sept. 25, 1992.
 
 1
 Before TANG, and CYNTHIA HOLCOMB HALL, Circuit Judges, and SHUBB,* District Judge.
 
 
 2
 MEMORANDUM**
 
 I. OVERVIEW
 
 3
 Rene Gutierrez-Insunza appeals his sentence under the United States Sentencing Commission, Guidelines Manual, ("U.S.S.G.") and conviction by jury trial on: one count of conspiracy to possess marijuana with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and 846; one count of possession of marijuana with intent to distribute, in violation of 21 U.S.C. § 841(a)(1); one count of aiding and abetting possession of marijuana with intent to distribute, in violation of 18 U.S.C. § 2 and 21 U.S.C. § 841(a)(1); and one count of possession of a firearm during the commission of a drug trafficking crime, in violation of 18 U.S.C. § 923(c)(1).
 
 
 4
 On October 16, November 2, and November 3, of 1989, United States Customs Special Agent Thomas R. Brien, acting in an undercover capacity, and David Giberson, a confidential government informant, met with appellant in connection with the purchase of 400 pounds of marijuana. Appellant informed Agent Brien that the marijuana would only be delivered in 100 pound increments, that the marijuana would only be delivered to Giberson and that payments could only be accepted by an associate, Jamie Camarena-Meza. Appellant indicated that this was the way his attorney had advised him to set up drug transactions.
 
 II. DISCUSSION
 A. Mistrial
 
 5
 The decision of the district court to deny a motion for mistrial is reviewed for abuse of discretion. United States v. Davis, 932 F.2d 752, 761 (9th Cir.1991). Appellant argues that the district court abused its discretion by failing to grant a mistrial: (1) when a witness improperly attempted to link Gutierrez to several unrelated stash house investigations; (2) when the prosecutor unfairly commented in argument on the stash house investigations; and (3) when the prosecutor commented in argument on other irrelevant and prejudicial evidence.
 
 
 6
 "Where evidence heard by a jury is later ruled inadmissible, a cautionary instruction is ordinarily sufficient to cure any alleged prejudice to the defendant. Declaring a mistrial is appropriate only where a cautionary instruction is unlikely to cure the prejudicial effect of an error." United States v. Charmley, 764 F.2d 675, 677 (9th Cir.1985) (citation omitted). In determining whether a mistrial is warranted when the court promptly strikes the challenged testimony and gives a curative instruction, the court must weigh the forcefulness of the instruction against the degree of prejudice generated by the evidence. United States v. Morris, 827 F.2d 1348, 1351 (9th Cir.1987), cert. denied, 484 U.S. 1017 (1988) (quoting United States v. Johnson, 618 F.2d 60, 62 (9th Cir.1980)). "In fixing the degree of prejudice, the probative force of the inadmissible evidence must be compared with that of the admissible evidence which supports the verdict." Id.
 
 
 7
 After denying a motion for mistrial, the district judge struck from the record the testimony regarding the stash houses and promptly instructed the jury to disregard the testimony. The instruction was clear and forceful. Moreover, the jury heard substantial testimony and saw evidence which supports the verdict. In weighing the probative force of one stricken remark with that of the admissible evidence which supports the verdict, it cannot be said that the district judge abused his discretion in not granting the motion for mistrial.
 
 
 8
 The record does not support the contention that the prosecutor mentioned, or alluded to, the stricken testimony in closing. Therefore, there is no basis to find, on that ground, that the trial court abused its discretion in failing to grant a mistrial.
 
 
 9
 Finally, appellant argues that the prosecutor unfairly attempted to characterize him as a man who unduly exposed his family to his own violent world by leaving a loaded, sawed-off shotgun in his home. A prosecutor must have reasonable latitude to fashion closing arguments. United States v. Molina, 934 F.2d 1440, 1445 (9th Cir.1991). This latitude includes the freedom to argue reasonable inferences based upon the evidence. Id. Testimony of the presence of the shotgun in appellant's home was admitted without objection. Thus, the trial court did not abuse its discretion in failing to declare a mistrial.
 
 B. Lesser Included Offense
 
 10
 The district court's decision not to instruct the jury on a lesser included offense as provided by Fed.R.Crim.P. 31 is reviewed de novo. United States v. Komisaruk, 885 F.2d 490, 497 (9th Cir.1989). Appellant was charged and convicted under 21 U.S.C. § 841(a)(1) and § 846. Section 841 provides that:
 
 
 11
 (a) Except as authorized by this subchapter, it shall be unlawful for any person knowingly or intentionally--
 
 
 12
 (1) to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance....
 
 
 13
 Appellant argues that although he was charged in count one with conspiracy to possess with intent to distribute one hundred kilos of marijuana, there was sufficient evidence produced at trial by which the jury could have found that he was guilty only of conspiracy to distribute sixty-four pounds of marijuana. He therefore contends that the trial court erred in refusing to instruct the jury on the lesser included offense of conspiracy to distribute sixty-four pounds of marijuana.
 
 
 14
 Appellant was not entitled to a lesser included offense instruction. "[S]ection 841(a) does not specify drug quantity as an element of the substantive offense of possession with intent to distribute; quantity is instead relevant to the penalty provisions of section 841(b), and is a matter for the district court at sentencing".[1] United States v. Sotelo-Rivera, 931 F.2d 1317, 1319 (9th Cir.1991), cert. denied, --- U.S. ----, 112 S.Ct. 1186 (1992); See United States v. Hodges, 935 F.2d 766, 769 (6th Cir.1991), cert. denied, 112 S.Ct. 317 (1991).
 
 
 15
 C. Sentencing Guideline § 3B1.1(c) Enhancement
 
 
 16
 A district court's determination of whether an individual supervised the activities of co-conspirators in a drug case is reviewed for clear error. United States v. Motz, 936 F.2d 1021, 1026 (9th Cir.1991). Appellant contends that the evidence does not show that he was the leader or supervisor of the conspiracy, but instead suggests that he and Jamie Camarena-Meza operated as equals. However, the facts of this case belie appellant's contention. Agent Brien testified that the appellant said to him: "I'll send Jamie over when we're ready to show you the weed." Subsequently, the appellant stated: "I'll send Jamie over when we got this stuff at a place where you can see it." Later, the appellant told him that he was "going to tell Jamie to go and get 100 pounds and put it in the trunk of the car and bring it over here ..." The confidential informant also testified that appellant "would instruct Jamie on what to do." Appellant's direction of and control over Camarena-Meza supports the district court's finding that he was the leader or supervisor of the conspiracy. In addition, appellant's repeated references to the way his attorney had advised him to set up his drug transactions supports the finding that he was, in fact, the one setting up the transactions. See United States v. Carvajal, 905 F.2d 1292, 1296 (9th Cir.1990) (defendant's overall control of drug transaction warranted sentencing as leader).
 
 
 17
 AFFIRMED.
 
 
 
 *
 Honorable William B. Shubb, United States District Judge for the Eastern District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The district judge stated at the sentencing hearing that the court's findings were based upon the presentence report and other matters heard at trial. The presentence report calculated the total amount of marijuana in this case to be approximately 214.6 kilograms, including 182 kilograms under count one, 3.6 kilograms under count two and 29 kilograms under count three, and the evidence at trial supported those findings