46 F.3d 1148
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Vance W. PUSKA, Defendant-Appellant.
 No. 94-10311.
 United States Court of Appeals, Ninth Circuit.
 Submitted: Jan. 25, 1995.*
Decided: Jan. 30, 1995.
 
 Before: WALLACE, Chief Judge, HALL and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Vance W. Puska appeals his conviction following a jury trial for driving under the influence of alcohol on federal property. Puska contends that the district court abused its discretion in affirming the magistrate judge's denial of his motion for a mistrial. We have jurisdiction under 28 U.S.C. Sec. 1291 and review the denial of a motion for a mistrial for abuse of discretion. United States v. Valdez-Soto, 31 F.3d 1467, 1473 (9th Cir. 1994). We affirm.
 
 
 3
 Highly prejudicial testimony, which is subsequently stricken, may serve as a basis for a mistrial. United States v. Escalante, 637 F.2d 1197, 1202-04 (9th Cir.), cert. denied, 449 U.S. 856 (1980). However, a cautionary instruction is ordinarily sufficient to cure any alleged prejudice. See id; see also United States v. Charmley, 764 F.2d 675, 677 (9th Cir. 1985). "Declaring a mistrial is appropriate only where a cautionary instruction is unlikely to cure the prejudicial effect of an error." Charmley, 764 F.2d at 677. When determining the prejudicial effect, we compare "the probative force of the inadmissible evidence ... with that of the admissible evidence which supports the verdict." United States v. Johnson, 618 F.2d 60, 62 (9th Cir. 1980).
 
 
 4
 Puska moved for a mistrial because the jury was repeatedly exposed to highly prejudicial testimony concerning the breathalyzer test result which was subsequently suppressed. The magistrate judge denied Puska's motion but admonished the jury on three occasions to disregard all testimony regarding the blood alcohol percentages. See Charmley, 764 F.2d at 677. Furthermore, the jury heard testimony regarding Puska's confused state and displayed signs of intoxication, such as bloodshot eyes, slurred speech, emitting alcohol smell, and failing three field sobriety tests. Puska admitted that he had a drink before driving.[1] In light of the substantial evidence presented against Puska, the magistrate judge's repeated cautionary instructions were sufficient to neutralize any prejudice caused by references to the breathalyzer test result. See Johnson, 618 F.2d at 62. Therefore, the district court did not abuse its discretion in affirming the magistrate judge's denial of Puska's motion for a mistrial. See Charmley, 764 F.2d at 677; Escalante, 637 F.2d at 1202-04.[2]
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 One of the government witnesses testified that when Puska was asked whether he had been drinking on the night of the incident, Puska answered that he had been drinking all evening. At trial, Puska denied the statement and testified that he had only one mixed drink approximately one hour and half prior to the incident
 
 
 [2]
 Puska also contends that the district court erred in applying the "plain error" standard of review when it reviewed the magistrate judge's decision to allow further testimony concerning the breathalyzer test after the magistrate judge had heard an expert's testimony on the issue. Puska argues that the proper standard of review was abuse of discretion. We need not decide this issue because any error would be harmless. See United States v. Koenig, 912 F.2d 1190, 1193 (9th Cir. 1990) (harmless analysis applies when district court erred in standard of review). The evidence was subsequently suppressed. Furthermore, this presents essentially the same argument as Puska's contention regarding the motion for a mistrial, which we have found meritless under the "abuse of discretion" standard of review