**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Basil Clarence DONEY, Jr.,
Defendant—Appellant.**

No. 01–30312.
D.C. No. CR–00–00096–DWM.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 3, 2002.

Decided April 29, 2002.

Before D. NELSON, THOMPSON and PAEZ, Circuit Judges.

## MEMORANDUM *

After a jury trial, Basil Clarence Doney, Jr., was convicted of assault resulting in serious bodily injury in violation of 18 U.S.C. §§ 1153(a) and 113(a)(6). In this appeal, he contends that the district court abused its discretion by failing to grant a mistrial. We have jurisdiction pursuant to 28 U.S.C. § 1291.

In light of the district court's curative instructions to the jury, we conclude that the inadmissable rebuttal testimony by Agent Salacinski was not so prejudicial that the district court abused its discretion in denying the mistrial motion. *See United States v. Frederick*, 78 F.3d 1370, 1375 (9th Cir.1996); *United States v. Valdez–Soto*, 31 F.3d 1467, 1473 (9th Cir.1994). After Agent Salacinski's testimony, the government rested. The court heard argument outside the presence of the jury, decided to strike the rebuttal testimony, and immediately after the jury was brought back into the courtroom the court instructed the jury:

> THE COURT: All right. Ladies and Gentlemen, the first thing that I'm going to do is to tell you that I had mistakenly allowed some evidence in. You are to disregard all of the testimony that you heard on rebuttal from Agent Salacinski; that was admitted improperly and it was a mistake that I made based upon a misunderstanding of the purpose it was offered for as well as a misunderstanding of the amended Rules of Evidence. So you must disregard that testimony in its entirety on rebuttal.
>
> If somebody in the jury room brings it up, the rest of you must say to that person, "We are not to consider that."

And it cannot be considered by you in deciding this case.

The court reiterated the substance of this cautionary instruction again while instructing the jury: "And keep in mind my admonition to disregard the rebuttal testimony in this case."

The district court's curative instructions were prompt and forceful. The jury is presumed to have followed them. *United States v. Johnson*, 618 F.2d 60, 62 (9th Cir.1980). The district court did not abuse its discretion in denying Doney's motion for a mistrial.

AFFIRMED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

