**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-30199 |
| Plaintiff - Appellee, | D.C. No. 3:11-cr-00026-BR-1 |
| v. | |
| TOMMY LEE VASQUEZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Oregon
Anna J. Brown, District Judge, Presiding

Argued and Submitted July 11, 2013
Portland, Oregon

Before: PREGERSON, MURGUIA, and CHRISTEN, Circuit Judges.

Appellant Tommy Lee Vasquez was found guilty of assault resulting in

serious bodily injury in violation of 18 U.S.C. § 113(a)(6). Vasquez was sentenced

to 60 months imprisonment and was ordered to pay $42,453.64 in restitution to the

Bureau of Prisons pursuant to the Mandatory Victims Restitution Act. Vasquez

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

appeals his conviction, sentence, and restitution order.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

**1.**  Sufficient evidence supports Vasquez's conviction of assault resulting in serious bodily injury.  The evidence, when viewed in the light most favorable to the prosecution, permitted the jury to find that Vasquez:  (1) initiated the physical violence, (2) resumed the physical attack when Theodore Vickers was not fighting, (3) threw Vickers over his shoulder and slammed Vickers's face into the concrete floor, and (4) continued to punch Vickers even after Vickers stopped moving.  This is sufficient to permit the jury to find "the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

**2.**  The district court did not err by precluding a duress defense.  We review de novo a district court's decision to preclude a duress defense.  *United States v. Ibarra-Pino*, 657 F.3d 1000, 1003 (9th Cir. 2011), *cert. denied*, 132 S. Ct. 1942 (2012).  The district court found that Vasquez failed to proffer sufficient evidence that he feared death or serious bodily injury to establish the first and second elements of duress.  We may affirm the district court's evidentiary ruling on any ground supported by the record.  *Id.* at 1005.  We conclude that Vasquez failed to establish the immediacy requirement in the first element of duress.  *See id.* at 1004.

Vasquez failed to show that he was compelled to commit the assault under a

2

"'present, immediate, or impending'" threat of serious bodily harm. *United States v. Vasquez-Landaver*, 527 F.3d 798, 802 (9th Cir. 2008) (quoting *United States v. Contento-Pachon*, 723 F.2d 691, 694 (9th Cir. 1984). At most, Vasquez expressed a vague, generalized fear that if he did not fight, he would "leave[] the door open for any of the other inmates to try to take advantage" of him. "[A] veiled threat of future unspecified harm" is not enough. *Contento-Pachon*, 723 F.2d at 694 (internal quotation marks omitted).

The district court also did not err by precluding Warden Bezy from testifying to specific Bureau of Prisons' regulations that required Officer Jensrud to sanction Vickers for threatening Vasquez and challenging him to fight. A district court's decision whether to admit expert testimony is reviewed for abuse of discretion. *United States v. Cordoba*, 104 F.3d 225, 229 (9th Cir. 1997). Although Warden Bezy's testimony regarding specific prison regulations was excluded, he was allowed to testify as to how an inmate might perceive the events that occurred before the fight took place. Vasquez was also able to tell the jury why he believed he had to fight after Officer Jensrud failed to discipline Vickers and then left the unit. Because Vasquez did not know the specific prison regulations that Officer Jensrud broke, those specific regulations had no bearing on Vasquez's state of mind. Thus, the district court did not abuse its discretion by precluding Warden

3

Bezy's testimony regarding specific Bureau of Prisons' regulations.

**3.** The district court did not err in excluding evidence of a previous incident between Vickers and another inmate. Vasquez intended to use the evidence to confront the government's contention that Vickers did not intend to fight because he had only a short period of time left in the prison. Despite the exclusion of the evidence of the previous fight, Vasquez was able to present evidence that Vickers did intend to fight him when Vickers went to the TV room. Because the exclusion of the evidence of the previous fight did not "den[y] the jury sufficient information to appraise the biases and motivations of [Vickers]," Vasquez's right to confront Vickers was not violated. *United States v. Bridgeforth*, 441 F.3d 864, 868 (9th Cir. 2006) (internal quotation marks omitted). Moreover, the district court properly excluded the evidence because of the risk of causing undue delay. *See United States v. Sua*, 307 F.3d 1150, 1153 (9th Cir. 2002) (holding that there was no Confrontation Clause violation because the legitimate interests against confusing the jury and causing undue delay outweighed the defendant's interest in presenting marginally relevant evidence).

**4.** The district court did not err by excluding the Bureau of Prisons' administrative reports of the incident, which included the Bureau of Prisons' ultimate conclusion that the incident was a mutual fight. A district court's

4

evidentiary rulings are reviewed for abuse of discretion. *United States v. Waters*, 627 F.3d 345, 351 (9th Cir. 2010). The evidence, burden of proof, and ultimate penalty in the prison's disciplinary action were not the same as those in the criminal case. For this reason, the district court explained that "admitting [the investigative reports] runs the risk of substantial unfair prejudice," and "will cause the jury to give undue weight to the decisions of other bodies when that is not their function." Because "jurors are likely to defer to findings and determinations relevant to credibility made by an authoritative, professional factfinder rather than determine those issues for themselves," *United States v. Wiggan*, 700 F.3d 1204, 1211 (9th Cir. 2012) (internal quotation marks omitted), the district court did not abuse its discretion by excluding the administrative reports under Rule 403.

**5.** Vasquez argues that the district court erred by denying his motion for a mistrial after a government witness's demonstration before the jury. We review for abuse of discretion a denial of a motion for mistrial. *United States v. Allen*, 341 F.3d 870, 891 (9th Cir. 2003). In light of the district court's cautionary instructions to the jury and the district court's finding of fact that the demonstration was "not by any means violent," we conclude that the demonstration was not so prejudicial that the district court abused its discretion by denying the mistrial motion. *See United States v. Charmley*, 764 F.2d 675, 677 (9th Cir. 1985) (noting

5

that "a mistrial is appropriate only where a cautionary instruction is unlikely to cure the prejudicial effect of an error"). The cautionary instructions were strong and the jury is presumed to have followed them. *United States v. Johnson*, 618 F.2d 60, 62 (9th Cir. 1980).

**6.** Vasquez next argues that opinion testimony from Sergeant Fox, who testified that she knew Vasquez professionally for 18 years, was inadmissible under Federal Rules of Evidence 403 and 701. We review for abuse of discretion.[1] *United States v. Beck*, 418 F.3d 1008, 1013 n.3 (9th Cir. 2005).

Based on the totality of the circumstances, Sergeant Fox's lay opinion that Vasquez was aggressive was rationally based on her own personal observations and recollection of the concrete facts. *See Beck*, 418 F.3d at 1015. The extent of her observations of Vasquez goes to the weight of her testimony, not to its admissibility. *Id.* Therefore, the district court did not err in determining that the lay opinion testimony was rationally based under Rule 701, and the district court did not abuse its discretion in admitting Sergeant Fox's testimony.

Moreover, the district court properly balanced the probative value of the

---

[1] Vasquez's contention that the standard of review is de novo does not succeed. In *Beck*, we determined that abuse of discretion is the appropriate standard even though the court has "not provided clear guidance" on the foundation necessary for lay opinion testimony. *Beck*, 418 F.3d at 1014.

evidence and the danger of unfair prejudice. *See id.* at 1014. Because Sergeant Fox's testimony's probative value outweighed any unfair prejudicial effect, there was no violation of Rule 403.

**7.** Vasquez contends that the district court impermissibly double counted "serious bodily injury" when it calculated the sentencing guidelines range for "Aggravated Assault" under U.S.S.G. § 2A2.2. Any error was harmless because any sentence calculated with or without double counting would have been trumped by the career offender enhancement.

**8.** Finally, our recent decision in *United States v. Green* forecloses Vasquez's argument that his Sixth Amendment right to a jury trial was violated because the judge, not the jury, determined the amount of restitution. *United States v. Green*, Nos. 10-50519, 10-50524, _F.3d_, 2013 WL 3467098, at *5 (9th Cir. July 11, 2013) (holding "that *Apprendi* doesn't apply to restitution"). Moreover, we reject Vasquez's contention that "the culpability of the BOP precluded it from being a victim under the MVRA." Even assuming that it could have done more to prevent the altercation in this case, the BOP did not conspire in, "willingly participate[]" in, or "profit[] greatly from" Vasquez's pile-driving Vickers onto a concrete floor. *Cf. United States v. Lazarenko*, 624 F.3d 1247, 1252 (9th Cir. 2010).

7

**AFFIRMED.**