UNITED STATES of America,
Plaintiff-Appellee,

v.

Paul Edward DAVIS, Defendant-Appellant.

No. 15-10256

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted January 12,
2017 San Francisco, California

Filed April 19, 2017

Peter Stuart Levitt, Esquire, Assistant U.S. Attorney, USLV—Office of the U.S. Attorney, Las Vegas, NV, Elizabeth Olson White, Esquire, Assistant U.S. Attorney, USRE—Office of the US Attorney-Reno, Reno, NV, for Plaintiff-Appellee

Paul Edward Davis, Pro Se

Before: WALLACE and M. SMITH, Circuit Judges, and ERICKSON,* District Judge.

## MEMORANDUM **

Paul Edward Davis appeals from a district court judgment following his jury conviction and sentence on one count of possession of a controlled substance with intent to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(viii), and one count of possession of marijuana with intent to distribute in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We affirm.

Davis asks this court to reverse the district court's denial of his motion to suppress evidence obtained following a traffic stop of his vehicle on July 27, 2013. He contends the stop was pretextual and not based on reasonable suspicion that he was engaged in unlawful activity. In analyzing the totality of circumstances surrounding the stop, the court heard testimony from two trained law enforcement officers, who paced Davis's vehicle and concluded that it was exceeding the posted speed limit. Davis's contention that the speeding stop was a mere pretext to allow the officers to investigate possible drug trafficking is of no avail because the subjective motivation of the officers will not invalidate an otherwise valid stop. *United States v. Ibarra*, 345 F.3d 711, 713-14 (9th Cir. 2003) (citing *Whren v. United States*, 517 U.S. 806, 813, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996)).

■ Davis's claim that the warrantless search of his automobile was not supported by probable cause is without merit. The known facts and circumstances leading up to the vehicle search included Trooper Brosnahan smelling marijuana wafting from Davis's vehicle as she approached his open window. The smell "warrant[ed] a reasonable person to conclude that contraband or evidence of crime" would be found in the vehicle. *Id.* at 715-16 (citing *Ornelas v. United States*, 517 U.S. 690, 694, 116 S.Ct. 1657, 134 L.Ed.2d 911 (1996)). Giving "deference to the district court's credibility determinations", *see United States v. Craighead*, 539 F.3d 1073, 1082 (9th Cir. 2008), the court finds no error in the district court's denial of Davis's motion to suppress.

■ Davis also contends that the district court abused its discretion in denying his motion for mistrial after a prosecution witness testified to "numerous priors" in the face of the district court's previous ruling that only one prior would be allowed into evidence under Federal Rule of Evidence 404(b) to show lack of mistake or accident. The court gave a strong curative instruction and the witness subsequently clarified he was referencing only one prior conviction. Under these circumstances, denial of the motion for mistrial was not an

* The Honorable Ralph R. Erickson, United States District Judge for the District of North Dakota, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

abuse of discretion. *United States v. Ramirez*, 176 F.3d 1179, 1183 (9th Cir. 1999); *United States v. Johnson*, 618 F.2d 60, 62 (9th Cir. 1980).

Davis's argument that the district court abused its discretion in admitting evidence of his prior drug conviction also fails. The court applied the appropriate analysis in deciding that the prior conviction was sufficiently similar and not too remote in time, considering that Davis was incarcerated for most of the intervening time between arrest and his prior conviction. *United States v. Vo*, 413 F.3d 1010, 1017-19 (9th Cir. 2005). Analyzing the evidence under Federal Rule of Evidence 403, the court concluded that any prejudicial effect of the evidence did not substantially outweigh its probative value. The court gave an appropriate limiting instruction to the jury. This constituted a proper exercise of the court's discretion. *Id.* at 1019 (citing *United States v. Chea*, 231 F.3d 531, 535 (9th Cir. 2000)).

Davis next asserts that, based on *United States v. Lui*, 941 F.2d 844 (9th Cir. 1991), the district court committed plain error[1] when it allowed the prosecution to offer drug courier profile evidence as substantive evidence of his guilt. Davis misapprehends the purpose for which the courier profile evidence was admitted. The evidence was not admitted to prove his guilt, but was used for the limited purposes of impeachment background explanation for Davis's stop and arrest. *See Lui*, 941 F.2d at 847 (recognizing "certain limited circumstances" when such evidence is admissible). Davis interjected pretext and an impermissible basis for the stop into the trial in spite of a previous ruling on his suppression motion rejecting that position.

By continuing to press the issue at trial, Davis interjected the basis for the stop into the trial and the admission of the evidence was appropriate to impeach and rebut Davis's claim that the stop was improper and mere pretext.

Finally, Davis's sentence, on the high end of the United States Sentencing Guidelines, is not substantially unreasonable. The court properly considered the factors required by 18 U.S.C. § 3553(a). This court will not substitute its reasoning for that of the district court in interpreting the 3553(a) factors. *Gall v. United States*, 552 U.S. 38, 59-60, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007). The sentence was not the result of an abuse of discretion.

**AFFIRMED.**

---

1. Davis failed to object to the admission of the evidence at trial.

