**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-10426 |
| Plaintiff-Appellee, | D.C. No. 1:17-cr-00296-DAD-BAM-2 |
| v. | |
| JARVIS THOMAS, AKA Jar, AKA JarMice, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Dale A. Drozd, District Judge, Presiding

Submitted August 31, 2021[**]
San Francisco, California

Before: RAWLINSON and BYBEE, Circuit Judges, and CARDONE,[***] District Judge.

Jarvis Thomas appeals his criminal convictions for conspiracy to distribute

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Kathleen Cardone, United States District Judge for the Western District of Texas, sitting by designation.

and possess with the intent to distribute, and possession with the intent to distribute, at least 500 grams of a substance with a detectable amount of methamphetamine or fifty or more grams of actual methamphetamine. He also appeals his 320-month sentence. We have jurisdiction under 28 U.S.C. § 1291. We affirm.

1. The district court did not clearly err by denying Thomas's putative motion for a mistrial, nor was its curative instruction deficient after a government witness's testimony exceeded the scope of a pre-trial motion in limine. Thomas did not object to the curative instruction, so we review for plain error and will only reverse if (1) the appellant has not waived (2) a clear and obvious error that (3) affected his substantial rights and (4) calls into question the fairness or integrity of judicial proceedings. *Puckett v. United States*, 556 U.S. 129, 135 (2009) (citations omitted); *United States v. Rodriguez*, 971 F.3d 1005, 1012 (9th Cir. 2020).

We decide whether a curative instruction mitigates inappropriate testimony by "weigh[ing] the forcefulness of the instruction and the conviction with which it was given against the degree of prejudice generated by the [challenged] evidence." *United States v. Johnson*, 618 F.2d 60, 62 (9th Cir. 1980). When assessing prejudice, "the probative force of the inadmissible evidence must be compared with that of the admissible evidence which supports the verdict." *Id*.

Here, the curative instruction clearly and forcefully admonished the jury not

2

to consider the erroneous witness statement, which was brief, vague, and did not specifically refer to Thomas. *See United States v. Voris*, 964 F.3d 864, 875 (9th Cir. 2020). Thomas thus suffered minimal prejudice from the witness's errant testimony, *see Johnson*, 618 F.2d at 62, and a mistrial was unwarranted, *see United States v. Lemus*, 847 F.3d 1016, 1024–25 (9th Cir. 2016).

2.     The district court did not plainly err by allowing a government case agent to interpret intercepted phone calls during trial. *United States v. Houser*, 804 F.2d 565, 570 (9th Cir. 1986) (applying plain error review to otherwise-inadmissible witness testimony). The case agent here merely interpreted "ambiguous conversations based upon [his] direct knowledge of the investigation." *United States v. Gadson*, 763 F.3d 1189, 1206 (9th Cir. 2014) (quotation marks and citation omitted). Nor did the district court permit the case agent to improperly opine on ultimate issues of fact. A "lay witness may testify as to an ultimate issue of fact [if their] testimony is otherwise admissible." *United States v. Crawford*, 239 F.3d 1086, 1090 (9th Cir. 2001); Fed. R. Evid. 704. The case agent's testimony met this standard, *United States v. Perez*, 962 F.3d 420, 435 (9th Cir. 2020), and we decline to find plain error.

3.     The district court did not plainly err by allowing a DEA agent expert witness to give lay witness testimony interpreting ambiguous phone calls and exploring hypotheticals paralleling the facts of Thomas's case. Under Federal Rule of

3

Evidence 701, expert witnesses may give lay opinion testimony on *ambiguous* statements. *See United States v. Vera*, 770 F.3d 1232, 1242, 1246 (9th Cir. 2014) (citation omitted). The statements interpreted by this DEA agent were ambiguous and merely explained why drug traffickers did business in certain ways. Expert witnesses may also field hypotheticals based on their own interpretation of the facts in the record. *United States v. Celestine*, 510 F.2d 457, 460 (9th Cir. 1975). Thus, no plain error exists here.

4.    The district court instructed the jury to "determine whether it was reasonably foreseeable to defendant, *or* within the scope of the defendant's particular agreement with the conspirators, that the conspiracy involved certain amounts of methamphetamine." This disjunctive instruction was erroneous because a jury need not determine that the type and quantity of drugs were within the scope of the co-conspirators' agreement. *United States v. Collazo*, 984 F.3d 1308, 1315 (9th Cir. 2021) (en banc). However, the error was harmless in light of the "overwhelming evidence" of Thomas's "agreement involving the requisite drug type and quantity." *Id.* at 1336. The error was also harmless because the instruction imposed an additional burden on the government, benefitting Thomas by making a conviction more difficult. *Id.* at 1329.

5.    Thomas requests reversal for cumulative error. Although he asserted several errors, as previously discussed, the district court made only one actual error. "One

4

error is not cumulative error."[1] *United States v. Sager*, 227 F.3d 1138, 1149 (9th Cir. 2000).

6.     The district court did not plainly err when it imposed a three-level sentencing enhancement.  Although we may consult up to six factors to determine whether clear and convincing evidence is required at sentencing, *United States v. Valle*, 940 F.3d 473, 479 (9th Cir. 2019) (citation omitted), Thomas limits his argument to the thirty-seven percent increase to his sentence that the sentencing enhancement created.  This falls short of the 100 percent increase required by *Valle*. *Id.*  Further, Thomas was not otherwise facing a relatively short sentence. *Id*.  His un-enhanced offense level was thirty-six with a Category IV criminal history, which would yield a Guidelines range of 262–297 months, or approximately twenty-two to twenty-five years.  Reversal is thus unwarranted.

**AFFIRMED.**

---

[1] Contrary to Thomas's argument, the witness's brief and vague reference to a gang did not result in a due process violation in view of the district court's curative instruction.  *See United States v. Lemus*, 849 F.3d 1016, 1025 (9th Cir. 2016).